STATE v. DANILO DENNY ARTEZ.

176 N. W. (2d) 81.

March 26, 1970—No. 41412.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant* and *Roberta K. Levy,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

PER CURIAM.

This is an appeal from a conviction for carnal knowledge of a child in violation of Minn. St. 1965, § 617.02.[1] The issues raised by defendant are (1) the sufficiency of the evidence to support a conviction, and (2) the propriety of receiving into evidence testimony concerning a laboratory test.

At the time of the offense, Margaret, the victim, was 14 years of age, and defendant 31 years old. Margaret testified that on March 24, 1967, she was employed by defendant in a magazine publication business. On that day he persuaded her to accompany him to a residence where he insisted she don a bathing suit and pose as a model. While she was dressing, he seized her and threatened to choke her if she resisted his act of intercourse with her. In the process he inflicted bruises on her arm and left marks on her neck. Thereafter, defendant and Margaret were driven back to the office by another employee. She remained there for some time and arrived home about 7 p. m. Without advising her parents of what had transpired, she left after dinner to babysit for the evening. Her first complaint to a parent occurred the next morning. She was thereupon examined at Hennepin County General Hospital where a laboratory test revealed "numerous nonmotile sperm cells

---

[1] Repealed by L. 1967, c. 507, § 12.

present." Bruises were found on Margaret's right arm and over her left clavicle. Her hymen was intact.

In prosecutions for sexual violation of minors, we have stressed the importance of corroboration. State v. Anderson, 272 Minn. 384, 137 N. W. (2d) 781; State v. Butenhoff, 279 Minn. 177, 155 N. W. (2d) 894. While the failure of a victim to complain is of critical significance in a prosecution for rape where it is accomplished by violence or threat of violence, such proof is not essential where as here defendant is charged only with carnal knowledge of a child. It was the jury's prerogative to discredit her claim of violence and treat it as a fabricated justification for illicit, voluntary intercourse. If there was consent as the charge alleged, it would be more natural to conceal the illicit relationship than to reveal it. In any case, these were questions which the jury could decide either way.

The corroboration in the instant case is not strong, but we believe it is adequate to support a conviction. Not only did defendant have an opportunity to commit the offense but the medical testimony confirms the fact that force was used. While Margaret's disclosure to her family was tardy, it did occur the following day.

With respect to the admissibility of the laboratory test, it is enough to say that the objection was based on remoteness. No question of foundation or hearsay was presented. The doctor who examined Margaret confirmed the presence of bruises and interpreted the laboratory test to establish that she had had sexual intercourse within a period of 72 hours of the time the test was taken. We do not accept the contention that under these circumstances the court had a duty sua sponte to exclude the results of the test without proper objection, merely because the state did not show how the test was conducted.

Affirmed.