## STATE v. RONALD JOHN BERGERON.

185 N. W. (2d) 894.

March 26, 1971—No. 42235.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Kelly, JJ.

ROGOSHESKE, JUSTICE.

Defendant was convicted by a jury of taking indecent liberties with a child under the age of 16, specifically his 12-year-old niece, in violation of Minn. St. 609.296, subd. 2. He appeals from

the judgment on the ground that the evidence is insufficient to sustain his conviction, contending that it consists solely of the uncorroborated testimony of the 12-year-old girl.

Although we agree that the testimony of the victim of a sex offense involving a child, if not "clear and convincing," requires some corroboration to sustain the conviction, State v. Butenhoff, 279 Minn. 177, 155 N. W. (2d) 894,[1] we cannot agree with defendant's contention. Viewing the evidence most favorably to sustain the verdict of the jury, as we must, the child's testimony, while not free of inconsistency as to collateral details, was not materially impeached with respect to the offensive and indecent sexual advances she was subjected to by the defendant about midnight in the kitchen of her parents' home during their absence. But more important, her testimony was corroborated by the testimony of her grandmother, to whom, the jury could find, she had without unreasonable delay reported the incident by telephone, and the testimony of an upstairs neighbor, to whom the child went for protection at her grandmother's direction and who observed and described her physical appearance and demeanor. Additionally, defendant's admitted intoxication at the time he entered the home rendered his testimony denying the offense at best unpersuasive. We are compelled to hold that the evidence sufficiently sustains the conviction.

At oral argument, defendant raised the issue of a claimed denial of due process at sentencing upon the ground that the trial court erred in (1) refusing defense counsel's request for a continuance to enable him to "further study" a presentence investigation report, presumably for the purpose of verifying, or possibly challenging, its accuracy, completeness, and claimed bias; and (2) commenting before imposing sentence that probation could not be granted if defendant "steadfastly claimed his innocence despite the jury verdict." The public defender, now

---

[1] See, also, State v. Weigold, 281 Minn. 73, 160 N. W. (2d) 577; State v. Tribblet, 281 Minn. 505, 162 N. W. (2d) 121; State v. Artez, 286 Minn. 545, 176 N. W. (2d) 81.

representing defendant, argues with considerable appeal that the procedures followed in this case do not comport with due process and are in conflict with § 609.115, subd. 4, as well as recommended standards which ought to govern sentencing procedures. A. B. A. Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures (Approved Draft, 1968) §§ 4.4, 4.5, 5.3(f) (iii) (A), 5.4(b),[2] and Standards

---

[2] Sections 4.4 and 4.5 provide: "4.4 Presentence report: disclosure; parties.

"(a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.

"(b) This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report. The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review.

"(c) The resolution of any controversy as to the accuracy of the presentence report should be governed by the principles stated in sections 4.5(b), 5.3(d), 5.3(f), and 5.4(a)."

"4.5 Presentence report: time of disclosure; presentence conference.

"(a) The information made available to the parties under section 4.4 should be disclosed sufficiently prior to the imposition of sentence as to afford a reasonable opportunity for verification.

"(b) In cases where the presentence report has been open to inspection, each party should be required prior to the sentencing proceeding to notify the opposing party and the court of any part of the report which he intends to controvert by the production of evidence. It may then be advisable for the court and the parties to discuss the possibility

Relating to Probation (Approved Draft, 1968) § 1.3(b).[3] We decline to pass upon the merits of this claim because the record necessary for appellate review is inadequate and the state, as required by our adversary system of criminal justice, has not been afforded adequate opportunity to either concede error or refute the claims. We believe it essential that the record include the presentence investigation report as well as defendant's specific claims regarding errors or omissions in the report which may have improperly motivated the court to order commitment rather than probation. Such a record, together with proof of defendant's claims, can then, we believe, be most expeditiously employed either in an application for immediate parole addressed to the Adult Corrections Commission or an application for resentencing in a postconviction proceeding addressed to the district court.

Affirmed.

---

of avoiding the reception of evidence by a stipulation as to the disputed part of the report. A record of the resolution of any issue at such a conference should be preserved for inclusion in the record of the sentencing proceeding (section 5.7[a][iii])."

Section 5.3(f)(iii)(A) provides: "If the attorney has access to the presentence report, this duty should at a minimum involve verification of the essential bases of the report and amplification at the sentencing proceeding of parts which seem to be inadequate. The attorney should also take proper steps to controvert any inaccuracies in the report. The first such step should normally involve an attempt to avoid the formal production of evidence in open court by reaching an informal agreement with the prosecutor."

Section 5.4(b) provides: "Where the need for further evidence has not been eliminated by a presentence conference (section 4.5 [b]), evidence offered by the parties on the sentencing issue should be presented in open court with full rights of confrontation, cross-examination and representation by counsel."

[3] Section 1.3(b) provides: "Whether the defendant pleads guilty, pleads not guilty or intends to appeal is not relevant to the issue of whether probation is an appropriate sentence."