## STATE v. DARRELL HOEFKER.

194 N. W. 2d 295.

January 28, 1972—No. 42113.

*C. Paul Jones,* State Public Defender, and *Molly G. Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *Richard Mark,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

Per Curiam.

Defendant has pled guilty to incest and has received a sentence of up to 10 years in prison. On this appeal from the judgment of conviction and from the denial of a motion for a new trial, defendant also seeks review of an order denying him postconviction relief.

It is here argued that the evidence compels a finding defendant was induced to plead guilty for three reasons: First, he was not advised by counsel that his wife could not testify against him; second, counsel failed to inform him that he could not be convicted on the complainant's testimony without corroboration; and, third, he was promised treatment in a state hospital, followed by probation.

At the time of his conviction, Minn. St. 1967, § 595.02, would have prevented defendant's wife from testifying against him. Since that time, the statute has been amended to except from the privilege the wife's testimony in a criminal action for a crime against a child of either party. L. 1969, c. 1010, § 1.

The victim in the instant case was a 10-year-old child who was somewhat retarded. In such situations, we have indicated corroboration was

necessary unless the evidence was clear and convincing. State v. Buten-hoff, 279 Minn. 177, 155 N. W. 2d 894 (1968).

The record is persuasive that counsel did not expressly inform defendant of the statute relating to the privilege between husband and wife, nor did he expressly refer to the rules governing corroboration. Nevertheless, it is equally clear, as the trial court found, that defendant was not induced to plead guilty because of ignorance of his rights but was motivated instead by a feeling of guilt and remorse and a desire to protect his child from the ordeal of testifying. The trial court expressly advised defendant that he could not accept a plea of guilty unless defendant was in fact guilty. Interrogation of defendant prior to accepting a plea concluded with the court's making this inquiry:

"Is there any question in your mind at all as to whether or not you committed the acts that you have been accused of committing?"

To this the defendant answered, "No."

We are satisfied that the record supports the postconviction court's findings and that no manifest injustice has occurred.

Affirmed.

Mr. Justice Todd, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.