## STATE v. JAMES DECK WARFORD.*

200 N. W. 2d 301.

June 16, 1972—No. 43035.

*John S. Connolly,* for appellant.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Gunn, JJ.

WILLIAM D. GUNN, JUSTICE.**

Defendant appeals from a conviction of the crime of aggravated rape. We affirm the conviction.

The evidence indicates that the victim, a 21-year-old married woman, met the defendant on the evening of August 19, 1970, while in a neighborhood bar with her mother. They engaged in conversation and eventually defendant offered to give the victim and her mother a ride home. Defendant first drove the mother

---

\* Record certified to United States Supreme Court November 27, 1972.

\*\* Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

and another passenger to their respective homes at approximately 1 a. m. and then proceeded to a secluded section of the city of St. Paul rather than to the victim's home.

Upon reaching the secluded spot, defendant made several sexual advances upon the victim. When she refused his advances, he procured a pistol from the trunk of his car and forced her to fire it repeatedly into an improvised target placed against a mound of dirt. Following this brief diversion from his intended course of action, the victim testified, defendant beat her to a state of unconsciousness and raped her.

Defendant then took the victim to within a short distance of her home where he released her from his auto. She ran home and related the story of her attack to her husband, who immediately called the police. Upon arriving at the victim's home shortly after 2 a. m., the police observed the victim to be in a highly distraught and emotional state. Her general physical condition was that of a person who had been severely "manhandled." Her hair was in disarray; she had dried blood on her nose and multiple scratches and bruises about her throat, neck, and face. Her clothing was disarranged and several buttons were missing from her dress.

The victim was then taken to St. Paul-Ramsey Hospital where she underwent a physical examination. The medical findings were consistent with her testimony of a recent beating and rape.

Two issues are presented for review on this appeal. They are, first, whether the conviction is sustained by the evidence; and, second, whether the trial court properly refused to permit cross-examination of the victim with regard to previous specific unchaste acts.

1. This court's review of the sufficiency of the evidence in this case is governed by the usual standard of review applicable to jury verdicts in criminal cases. The proper scope of inquiry in such cases is to make a thorough review of the record and affirm the conviction if the evidence most favorable to the verdict

indicates that the jury reasonably could have found as it did. In this case, the evidence overwhelmingly supports the verdict. The victim's testimony was clear and unwavering. Her testimony, furthermore, was corroborated in several ways. Physical evidence found at the scene of the crime, such as spent bullet casings, soiled tissue paper, and cigarette butts, was consistent with the victim's description of the crime. In addition, her subsequent physical appearance, the medical examination, and the testimony that she was alone with defendant after 1 a. m. on the night in question all strongly corroborate the victim's testimony. For these reasons we find the verdict to be clearly supported by the evidence.[1]

2. The trial court sustained the prosecution's objection to a question put to the victim on cross-examination with respect to her previous chastity. The question concerned one act of intercourse with a named individual at an indefinite time in the past. Defendant assigns that ruling as error. His contention is, however, answered by our holding in State v. Zaccardi, 280 Minn. 291, 159 N. W. 2d 108 (1968). There we held that, although evidence of prior specific acts of unchaste behavior is admissible, the proper time to introduce such evidence is as part of the defense presentation rather than on cross-examination of the victim when consent is not a serious issue, the corroborating evidence is strong, and the victim's chastity is not raised as part of the prosecution's case. Here, as in Zaccardi, the evidence overwhelmingly preponderates against the likelihood of consent. The prosecution did not place the witness' chastity in issue, and the record is replete with corroborative evidence. The trial court, in ruling on the prosecution's objection, indicated that such testimony would be acceptable as part of the defense case, yet none

---

[1] See, State v. Artez, 286 Minn. 545, 176 N. W. 2d 81 (1970); State v. Weigold, 281 Minn. 73, 160 N. W. 2d 577 (1968); State v. Zaccardi, 280 Minn. 291, 159 N. W. 2d 108 (1968); State v. Brown, 278 Minn. 186, 153 N. W. 2d 229 (1967).

342

was forthcoming. Given these circumstances, the trial court's ruling was without error.[2] The conviction is affirmed.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[2] In the circumstances of this case it is doubtful that our prior decisions would have required the trial court to permit the question even as a part of defendant's case, but that question is not presented on this appeal.