## STATE v. JAMES LEE CHAPMAN.

210 N. W. 2d 234.

August 24, 1973—No. 43760.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Jon K. Murphy,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant appeals from a judgment of conviction of having had sexual intercourse with a 14-year-old female child on or about July 24,

1971, in violation of Minn. St. 609.295(3).[1] The sole issue on appeal is whether, as defendant contends, the evidence was insufficient as a matter of law to support the verdict. We affirm.

Decisions of this court have required corroboration in sex cases if the victim of the sex offense is a child and if the testimony of the victim is not clear and convincing. State v. Hoefker, 292 Minn. 470, 194 N. W. 2d 295 (1972); State v. Bergeron, 290 Minn. 1, 185 N. W. 2d 894 (1971); State v. Butenhoff, 279 Minn. 177, 155 N. W. 2d 894 (1968).

In the instant case the victim provided the main evidence against defendant, testifying that she had had sexual intercourse with defendant not only on the date charged but also on three previous occasions that summer, June 15, 17, and 18, and that on the first of these occasions she also had complied with defendant's request that she participate in an act of fellatio or oral sodomy. This testimony was corroborated in major part by the testimony of an acquaintance of defendant that defendant had told him that he had had sexual relations with the prosecutrix. See, State v. Elijah, 206 Minn. 619, 289 N. W. 575 (1940). Other witnesses corroborated other aspects of the prosecutrix's testimony.

We find that the evidence was sufficient to support the verdict.

Affirmed.

---

[1] The trial judge, who heard the case without a jury, sentenced defendant to imprisonment according to law. Defendant is now free on parole.