STATE v. STEVEN JOSEPH PRESLEY.
STATE v. BILLY JOE BRADFORD.

220 N. W. 2d 486.

July 26, 1974—Nos. 44244, 44245.

C. *Paul Jones,* State Public Defender, for appellants.

*Warren Spannaus,* Attorney General, *John E. MacGibbon,* County Attorney, and *Robert B. Danforth,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendants were jointly tried by a district court jury and acquitted of aggravated sodomy charges but convicted of aggravated assault charges arising out of an incident allegedly involving another inmate and occurring at the St. Cloud State Reformatory on June 27, 1972. Defendants' appeals from judgment of conviction have been consolidated. Defendants contend that (1) there was insufficient credible evidence to support the verdict, (2) the trial court erred in admitting details of a statement the victim made to a fellow inmate following the alleged crimes, and (3) the trial court erred in permitting a reformatory official to testify that the victim stated that he feared reprisals if he reported the incident.

There is no merit to the first contention. Nothing in the record com-

pels the conclusion, as defendants contend, that the evidence against them was unworthy of belief.

As to the second contention, we need say only that details of a complaint made by the victim of a sex crime may be admitted either under the res gestae exception to the hearsay rule or as corroborative evidence of testimony by the victim. See, State v. Weigold, 281 Minn. 73, 160 N. W. 2d 577 (1968). In the instant case the trial court properly admitted the evidence as evidence corroborating the victim's testimony.

Finally, we believe that evidence that the victim told a reformatory official that he feared reprisals was admissible as an exception to the hearsay rule for the purpose of showing the victim's state of mind. See, McCormick, Evidence, § 268.

Affirmed.