STATE v. WILLARD NEILS BETTIN.

244 N. W. 2d 652.

July 16, 1976—No. 45945.

C. Paul Jones, State Public Defender, for appellant.

Warren Spannaus, Attorney General, Thomas H. Jensen and Gary Hansen, Special Assistant Attorneys General, and Elton A. Kuderer, County Attorney, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of aggravated rape, Minn. St. 609.291, and was sentenced to a maximum indeterminate term of 30 years' imprisonment. After careful consideration of the issues raised by defendant on this appeal from judgment of conviction, we affirm.

Defendant's first contention, that the trial court erred in admitting hearsay declarations of the victim as to who raped her is governed by this court's decision in State v. Lasley, 306 Minn. 224, 236 N. W. 2d 604 (1975), where we held that it is always permissible for the state to show that the victim consistently identified the defendant in cases in which the victim testifies at trial and is therefore subject to cross-examination. See, also, State v. Weigold, 281 Minn. 73, 160 N. W. 2d 577 (1968).

Defendant's second contention is that he was prejudiced by the prosecutor's elicitation of other-crimes evidence which the trial court had ordered excluded. One of the other tenants of the apartment complex in which the victim lived testified that she had seen defendant enter the victim's unit shortly before the crime was alleged to have occurred. Prior to trial the state had sought permission to have this witness also testify that several weeks prior to the crime defendant had touched her on the neck and offered to give her a backrub on her bed. Although the trial court refused to admit this evidence, the witness, when asked by the prosecutor how she knew defendant's name, testified that she had complained about defendant to his mother, who is also a resident of the complex, and that she had told her his name. There is no evidence that the prosecutor intentionally elicited this remark, the remark did not state the nature of the complaint, and the trial court immediately granted defendant's motion to strike the answers as nonresponsive. Therefore, we do not believe defendant was prejudiced by the remark. It is true that the matter was compounded somewhat on cross-examination when, in response to a question by defense counsel, the witness asked the court for permission to talk with the prosecutor, and the court stated that it knew what she wanted to say and that it already had ruled on that. While it arguably might have been better if the court had simply denied the witness permission to talk with the prosecutor without alluding to the prior ruling, it is clear that the court's statement did not constitute reversible error.

Defendant's contention that the prosecutor committed misconduct is based on the prosecutor's use of the word "uncontradicted" in referring to the state's evidence, a statement by the prosecutor derogating the insanity defense, and alleged expressions by the prosecutor of his personal opinion that defendant was guilty. As we stated in State v. Jensen, 308 Minn. 377, 242 N. W. 2d 109 (1976), prosecutors should avoid using the word "uncontradicted" when referring to the state's evidence; and as we have stated in numerous cases, e. g., State v. Prettyman, 293 Minn. 493, 198 N. W. 2d 156 (1972), prosecutors should avoid injecting their personal opinions into final arguments. However, defendant was not prejudiced by these matters. More serious was the prosecutor's statement in closing argument that the insanity defense was a "pushbutton defense" which defendants raise when they "cannot think of anything." Such an argument might well justify a reversal in a different case, but here it is extremely unlikely that the comment influenced the jury to reject the insanity defense because there was little evidence to support the defense. See, State v. Pautz, 299 Minn. 113, 217 N. W. 2d 190 (1974).

Defendant's final contention is that there was insufficient evidence that an aggravated rape was committed and that at most the evidence supported a conviction of indecent liberties. There is no merit to this argument.

Affirmed.