## STATE v. DALE L. KIRVELAY.

248 N. W. 2d 310.

November 26, 1976—No. 45846.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Special Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Robert W. Johnson,* County Attorney, and *Richard A. Trachy,* Assistant County Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant was found guilty by a district court jury of sale of a controlled substance and was sentenced by the trial court to a maximum indeterminate term of 5 years' imprisonment. The sole issue on this appeal from judgment of conviction is whether the prosecutor committed prejudicial error in his closing argument. We hold that he did not and affirm.

Defendant's contention that the prosecutor's closing argument was prejudicial is based on (a) statements by the prosecutor which implied that someone had influenced a defense witness' testimony, (b) reference by the prosecutor to the fact that an

unidentified witness to the sale had not testified, and (c) statements by the prosecutor which implied that it is a "soddy" defense whenever a defendant claims that someone else has committed the crime.

We agree with defendant that there is nothing in the record to justify the prosecutor's statements implying that someone had influenced a certain defense witness, and therefore those statements were improper.

We believe the prosecutor's reference to the fact that an unidentified witness to the sale had not testified did not impermissibly suggest to the jury that defendant had an obligation to call witnesses nor did it impermissibly suggest to the jury that the failure of the defendant to call this witness was based upon his fear of potentially unfavorable testimony. See, State v. Caron, 300 Minn. 123, 218 N. W. 2d 197 (1974).

More serious was the prosecutor's implication that it is a "soddy" defense whenever a defendant claims that someone else has committed the crime. It would have been proper for the prosecutor to argue that there was no merit to the claim that someone else had committed the crime, but it was improper for him to argue that there is never any merit to this type of defense. In State v. Bettin, 309 Minn. 578, 579, 244 N. W. 2d 652, 654 (1976), we stated that it was improper for the prosecutor to derogate defense of insanity by calling it a "pushbutton defense" raised by defendants when they "cannot think of anything."

Defense counsel at trial did not object to any part of the plaintiff's closing argument nor did he request curative instructions. Further, the evidence against defendant was very strong, making it unlikely that the argument of the prosecutor influenced the jury in reaching its verdict.

Although we do not believe a new trial is required in this case, we wish to emphasize, as we have done in the past, that prosecutors and defense counsel alike have an ethical responsibility to avoid making improper closing arguments. See concurring opin-

ion of Mr. Chief Justice Burger in United States v. Dinitz, 424 U. S. 600, 612, 96 S. Ct. 1075, 1082, 47 L. ed. 2d 267, 276 (1976). Affirmed.