STATE of Minnesota, Respondent,

v.

Robert Duane HESSE, Appellant.

No. 48270.

Supreme Court of Minnesota.

June 1, 1979.

C. Paul Jones, Public Defender, and Robert E. Oliphant, Sp. Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Richard Peterson, County Atty., Hutchinson, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of first- and second-degree criminal sexual conduct and incest, Minn.St. 609.-

342(b), 609.343(b), and 609.365, and was sentenced by the trial court to a limited maximum term of 17 months in prison. On this direct appeal defendant contends that (1) the trial court erred in admitting evidence concerning the contents of the victim's statements to others about what defendant did to her, (2) the trial court erred in admitting opinion evidence rebutting the testimony of a defense witness that the victim was a liar, (3) the trial court erred in refusing to instruct the jury that the victim's testimony had to be corroborated, (4) the evidence was legally insufficient, and (5) the convictions were in violation of the double jeopardy clause of the Constitution as well as Minn.St. 609.04.

■ 1. Defendant's contention that the trial court erred in admitting testimony of two witnesses about the contents of statements the victim made to them about what defendant had done is answered by prior decisions of this court and by our Rules of Evidence. The rule which we have long followed is that "details of a complaint made by the victim of a sex crime may be admitted under either the res gestae exception to the hearsay rule or as corroborative evidence of testimony by the victim." *State v. Presley*, 300 Minn. 556, 557, 220 N.W.2d 486, 487 (1974). See, also, *State v. Bettin*, 309 Minn. 578, 244 N.W.2d 652 (1976); *State v. Lasley*, 306 Minn. 224, 236 N.W.2d 604 (1975), cert. denied, 429 U.S. 1077, 97 S.Ct. 820, 50 L.Ed.2d 796 (1977); *State v. Weigold*, 281 Minn. 73, 160 N.W.2d 577 (1968). When the evidence is admissible under the res gestae exception the evidence may be used substantively. Here the evidence was admitted not under the res gestae exception but for corroborative purposes, and therefore under Rule 801(c), Rules of Evidence, it was not even hearsay, since that rule provides that " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In short, when the victim is present, under oath, and subject to cross-examination and the evidence is admitted for corroborative purposes and not for the truth of the matter asserted, there is no violation of the hearsay rule.

■ 2. Defendant's contention that the trial court erred in admitting testimony of the victim's foster care mother to rebut the defense testimony of the victim's stepmother that the victim "lied all the time" is answered by Rule 608(a), Rules of Evidence, which provides as follows:

"The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

■ 3–4. Defendant's contention that the trial court erred in refusing to instruct the jury that the victim's testimony had to be corroborated has no merit. For one thing, there is no requirement of corroboration, and even if there were this would not necessarily mean that the jury had to be instructed that corroboration was necessary. It is true that in a number of prior cases this court has indicated that in sex cases involving a child as a victim it would require corroboration if the victim's testimony was not clear and convincing. *State v. Chapman*, 297 Minn. 508, 210 N.W.2d 234 (1973). However, the trend elsewhere in recent years has been to eliminate any such requirements, and we recently upheld the constitutionality of Minn.St. 609.347, subd. 1, which provides that "In a prosecution under sections 609.342 to 609.346, the testimony of a complainant need not be corroborated." *State v. Ani*, 257 N.W.2d 699 (Minn.1977). As we indicated in the *Ani* case, the goals of the corroboration requirement are served by the jury requirement and by the trial judge's power to grant relief in cases in which the evidence is legally insufficient. We added that in an individual case the absence of corroboration might mandate a holding by this court that the evidence was legally insufficient. In this case we hold that the evidence was adequate.

5. Defendant's fifth and final contention is based on the double jeopardy clause of the United States Constitution as well as on Minn.St. 609.04.

In making this contention defendant focuses our attention on two of the crimes of which he was convicted—criminal sexual conduct in the first degree and incest. It is clear to us from an examination of the statutes that incest requires proof of facts which criminal sexual conduct in the first degree does not require, and vice versa. Therefore, under the prevailing test—see, *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)—the two offenses were different in that neither was necessarily included in the other. For the same reason defendant's reliance on § 609.04, which bars convicting a defendant of both a greater and an included offense, is also unjustified, at least with respect to these two offenses. Incidentally, defendant was sentenced only once for the two offenses since the offenses arose from the same behavioral incident. See, Minn.St. 609.035.

Although defendant apparently does not contend that the conviction for criminal sexual conduct in the first degree bars his conviction for criminal sexual conduct in the second degree, we believe that this result is mandated. Minn.St. 609.343(b) is clearly a necessarily included offense of § 609.342(b), the only difference being that § 609.342(b) requires proof of "sexual penetration" whereas § 609.343(b) requires proof of only "sexual contact." While here there was evidence that defendant both fondled the victim and committed sexual penetration, the fondling appears to have been incidental to the act of sexual penetration and not the kind of other sexual conduct which justifies a separate conviction in addition to that for the sexual intercourse (which by definition involves not just penetration but also contact). For a full discussion of the relevant legal principles, see the second part of our opinion in *State v. Koonsman*, 281 N.W.2d 487, filed herewith. Under the circumstances, we vacate the conviction for criminal sexual conduct in the second degree.

We affirm the convictions of sexual conduct in the first degree and incest, but vacate the conviction of sexual conduct in the second degree.