STATE of Minnesota, Respondent,

v.

Walter Lloyd HARDING, Appellant.

No. 51437.

Supreme Court of Minnesota.

March 27, 1981.

Russell J. Jensen, James C. Noonan, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of charges of criminal sexual conduct in the first and second degrees, Minn.Stat. §§ 609.342(b), 609.343(b) (1980), and was sentenced by the trial court to a maximum prison term of 20 years for the more serious offense. On this appeal from judgment of conviction defendant contends (1) that both his convictions should be reversed outright on the ground that the evidence of his guilt was legally insufficient, (2) that, failing that, he should be given a new trial on the ground that the trial court prejudicially erred in admitting other-crime evidence, or (3) that, at the very least, the less serious of the two convictions should be vacated pursuant to Minn.Stat. § 609.04 (1980). We affirm defendant's conviction for criminal sexual conduct in the first degree, but vacate the other conviction pursuant to Minn.Stat. § 609.04 (1980).

No useful purpose would be served by detailing the evidence against defendant. It is sufficient to say that our examination of the record satisfies us that the evidence of defendant's guilt was sufficient to sustain the guilty verdict.

We are also satisfied that the trial court did not prejudicially err in admitting evidence concerning prior sexual misconduct by defendant involving the same vic-

tim. *State v. Bird*, 292 N.W.2d 3 (Minn. 1980); *State v. Volstad*, 287 N.W.2d 660 (Minn.1980); *State v. Matteson*, 287 N.W.2d 408 (Minn.1979); *State v. Waukazo*, 269 N.W.2d 373 (Minn.1978).

■ Defendant's only meritorious contention is that the conviction for the lesser of the two offenses must be vacated pursuant to section 609.04, which, as we held in *State v. Discher*, 295 N.W.2d 99, 100 (Minn. 1980), "bars convicting a defendant twice for the same offense (or of one offense and a necessarily included offense) on the basis of the same act." The state, citing the discussion of this court in *State v. Hesse*, 281 N.W.2d 491 (Minn.1979), contends that the two acts of sexual penetration proved (anal and vaginal) were distinct, that neither was incidental to the other, and that therefore both convictions should be allowed to stand. We do not decide whether the two convictions would be allowed to stand if defendant had been charged and convicted of two counts of unlawful sexual penetration in violation of Minn.Stat. § 609.342(b) (1980), with one count applying to the one act of penetration and the other count applying to the other act of penetration. Here, the evidence of the two distinct acts of penetration was used to convict defendant of both counts charged; that is, both convictions were based on both acts of penetration. Accordingly, the conviction of the lesser of the two offenses must be vacated under section 609.04.

Conviction of criminal sexual conduct in the first degree affirmed; conviction of criminal sexual conduct in the second degree vacated.