**STATE of Minnesota, Respondent,**

v.

**Walter Lloyd HARDING, Appellant.**

**No. 82–329.**

Supreme Court of Minnesota.

Nov. 12, 1982.

O'Connell & O'Connell and Patrick R. Sweeney, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Walter Lloyd Harding, age 40, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner was convicted in 1980 of criminal sexual conduct in the first and second degrees and was sentenced to a prison term of 20 years for the more serious of the two offenses. In *State v. Harding,* 304 N.W.2d 14 (Minn.1981), we affirmed petitioner's conviction of criminal sexual conduct in the first degree, but vacated the other conviction pursuant to Minn.Stat. § 609.04 (1980). Petitioner's expected release date is September of 1983, and his sentence expiration date is June of 1993.

Criminal sexual conduct in the first degree is a severity level VIII offense. If the Sentencing Guidelines had been in effect at the time that petitioner committed the offense in 1979, petitioner's criminal history score at the time of sentencing would have been zero. The presumptive term for a severity level VIII offense by a person with a criminal history score of zero is 43 (41–45) months in prison. If petitioner were resentenced to the presumptive term, he would be entitled to immediate release from prison and his sentence would expire in October of 1983.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." This does not mean that this court necessarily will interfere whenever the offense in question is not a violent offense and the petitioner does not have a record of recidivism.

This case is very much like *Schnoor v. State,* 317 N.W.2d 704 (Minn.1982). In that case we affirmed an order denying resentencing of a petitioner with no criminal history who had been convicted of criminal sexual conduct in the third degree. Here, as there, we affirm because our examination of the record satisfies us that the petitioner failed to meet his burden of proving that his early release from sentence would not endanger the public and would not be incompatible with the welfare of society.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.