STATE of Minnesota, Respondent,

v.

Charles W. DUDREY, Appellant.

No. C3–82–93.

Supreme Court of Minnesota.

March 11, 1983.

C. Paul Jones, Public Defender, and Margaret LaMarche, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., and Jerry S. Anderson, Sp. Asst. Attys. Gen., St. Paul, Gary Fridell, County Atty., Red Wing, for respondent.

KELLEY, Justice.

Defendant was charged by complaint with three counts of criminal sexual conduct in the first degree based on two separate kinds of sexual penetration of the same victim in a single-behavioral incident. Specifically, he was charged in Counts I and II with penetrating the victim's vagina with his penis in violation of Minn.Stat. §§ 609.-342(b) and 609.342(e)(i) (1982). He was charged in Count III with having committed an act of cunnilingus on the victim in violation of section 609.342(b). Section 609.342(b) applies to all types of sexual penetration of a person at least 13 but less than 16 years of age by a person more than 48 months older who is in a position of authority over the victim. Section 609.342(e)(i) applies to sexual penetration accompanied by use of force or coercion and accompanied by infliction of personal injury (bodily harm, severe mental anguish or pregnancy).

A district court jury acquitted defendant of these three charges but twice found him guilty of criminal sexual conduct in the third degree in violation of section 609.-344(b) (sexual penetration of a person who is at least 13 but less than 16 by a person who is more than 24 months older). One of the convictions was based on the act of ordinary sexual intercourse, the other on the act of cunnilingus.

The trial court sentenced defendant to 46 months in prison, which is the presumptive sentence for this offense (severity level V) by a person with defendant's criminal history score (five).

On this appeal from judgment of conviction defendant seeks an outright reversal of his convictions on the ground that the evidence that penetration occurred was legally insufficient. Alternatively, defendant seeks a new trial on the ground that he was prejudiced by (a) the prosecutor's apparently unintentional elicitation during its case-in-chief of evidence that defendant had a criminal record and (b) the trial court's ruling allowing use of his prior felony convictions to impeach his credibility when he testified. Failing this, defendant seeks at least a vacation of one of his two convictions pursuant to section 609.04.

1. We reject defendant's contention that the evidence was insufficient to establish penetration. Although the complainant, a babysitter, delayed reporting the offense, there was no reason to believe that she fabricated the complaint. Complainant's testimony was positive and not signifi-

cantly impeached, and it was corroborated in an especially significant way. She testified that defendant returned to the house and that shortly before committing the sexual assault he used the telephone to call his doctor's office. Defendant denied returning to the house, but the telephone company records and the testimony of a medical clinic employee established that defendant called the clinic around 8:30 a.m. from his residence, just as the complainant said he had. That placed defendant on the scene at the time of the sexual misconduct, consistent with complainant's testimony and contrary to defendant's testimony.

2. Defendant raises two issues in support of his argument that he should at least be given a new trial.

(a) First, defendant contends that he was prejudiced by the prosecutor's apparently unintentional elicitation of evidence during the state's case-in-chief that defendant had a criminal record.

During the prosecutor's direct examination of the complainant, he asked her why she was afraid of defendant, and she replied, "Because I heard that [defendant] had been in prison before." Defense counsel immediately objected, and the trial court sustained the objection and instructed the jury to disregard the answer.

■ We need not decide whether, in all rape cases in which the victim's degree of fear is an issue, it is error for the victim to testify that she was aware that the defendant had a criminal record and that for that reason she was particularly afraid of him. In this case the trial court instructed the jury to ignore the evidence. More significantly, defendant testified knowing that his credibility would be impeached by four prior convictions. We cannot assume that defendant would not have testified if the evidence in question had not been elicited during the state's case-in-chief. There is no evidence in the record to that effect and no finding to that effect. *See State v. Hudson,* 311 N.W.2d 505, 506 (Minn.1981) (evidence during case-in-chief that defendant had been in jail was held not prejudicial in part because "there is no reason to believe

that but for the elicitation of the evidence defendant would not have testified and been impeached by his prior conviction for aggravated robbery").

■ (b) There is no merit to defendant's contention that the trial court prejudicially erred in ruling that the prosecutor could impeach him with his prior convictions when he testified.

3. Defendant's final contention is that one of his two convictions should be vacated pursuant to Minn.Stat. § 609.04 (1982).

We have interpreted section 609.04 as preventing the state from convicting a defendant twice of the same offense or of a greater and a lesser-included offense on the basis of the same act or course of conduct. *See, e.g., State v. Chamberlain,* 301 N.W.2d 313, 315 (Minn.1981), vacating one of two convictions of the defendant there for criminal sexual conduct in the fourth degree (one based on the fact that the victim was mentally defective and the other on the fact that she was under age 16) where both convictions were based on the same act against the same victim.

This case, however, presents an issue which we have avoided deciding. Specifically, the issue is whether a defendant who penetrates a victim in two different ways may be convicted once for each act of penetration even though both occurred in the same behavioral incident. *See State v. Harding,* 304 N.W.2d 14, 15 (Minn.1981), and *State v. Hesse,* 281 N.W.2d 491, 493 (Minn.1979).

■ Language which we used in *Hesse* suggested that there might be cases in which we might permit two convictions of criminal sexual conduct in the first or third degree, one for one type of penetration, the other for a different type of penetration. The argument for such a result is that the defendant who penetrates a victim in two different ways has violated the victim in two distinct ways. However, we now hold that only one conviction should be permitted in such a situation. We base this on our belief that the fact that the defendant has

penetrated a victim in two or more different ways as part of the same behavioral incident can better be considered in making the determination whether to depart from the presumptive sentence. *See, e.g., State v. Profit,* 323 N.W.2d 34 (Minn.1982), where we indicated that the fact that the defendant had penetrated the victim in two different ways was one factor which could be considered as supporting the departure in that case.

Accordingly, one of defendant's convictions is vacated.

One conviction affirmed, one conviction vacated.