Terry Lee BRANSON, Appellant,

v.

STATE of Minnesota, Respondent.

No. C1-85-91.

Court of Appeals of Minnesota.

June 4, 1985.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Michael L. Kirk, Otter Tail County Atty., Fergus Falls, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## SUMMARY OPINION

RANDALL, Judge.

### FACTS

Appellant Terry Lee Branson pleaded guilty to criminal sexual conduct in the first degree, Minn.Stat. § 609.342(d) (1982). The trial court recited in its departure report:

> The defendant broke into the victim's home on a late November evening. By use of a knife, physical attacks and threats of death, the defendant forced the compliance of the victim. The knife used in the attack was a butcher knife 14 inches in length having a particularly intimidating appearance. The knife looks much like a mini-machete. The defendant also used physical force against the victim, pulling out some of her hair and causing bruises and scratches. It is possible that the hair the victim lost may not grow back because of the force with which it was pulled out. In addition to threatening to kill the victim if she did not comply with his demands, the defendant also threatened to kill her if she reported the matter to the police. Furthermore, the defendant told the victim that even if he were placed in prison for the assault, he would someday be released and would return to kill her. * * The victim was forced to engage in an act of fellatio and sexual intercourse in her bedroom. The defendant then forced her out of her apartment and into the cold November evening where he again sexually assaulted her on the ground behind some garages. She was again forced to engage in an act of fellatio and an act of sexual intercourse on the ground.

The trial court doubled the presumptive sentence of 81 months, determining that the victim was treated with particular cruelty. Following the denial of appellant's petition for post-conviction relief, appellant appeals.

### DECISION

The trial court did not abuse its discretion in departing upwards and doubling the presumptive durational sentence.

1. The victim was attacked within her zone of privacy. *State v. Morales*, 324 N.W.2d 374, 377 (Minn.1982).

2. Appellant threatened to kill the victim numerous times, holding a 14 inch knife to her throat. *See Davis v. State*, 324 N.W.2d 802 (Minn.1982). We agree with the trial court that appellant made a particularly offensive threat, specifically to

kill the victim after release from prison, which subjected her to ongoing terror.

3. The victim was forced to engage in multiple and different acts of sexual abuse—two acts of vaginal penetration and two acts of fellatio. *State v. Dudrey*, 330 N.W.2d 719, 721–22 (Minn.1983); *State v. Profit*, 323 N.W.2d 34, 36 (Minn.1982).

4. The victim was subject to gratuitous infliction of pain. *See State v. Herberg*, 324 N.W.2d 346 (Minn.1982).

Under the facts of this case, substantial and compelling circumstances justified the double durational departure.

AFFIRMED.