STATE of Minnesota, Respondent,

v.

**Carl Lee SANDBERG, Appellant.**

No. C7-86-8.

Court of Appeals of Minnesota.

Aug. 19, 1986.

Review Granted Oct. 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Raymond F. Schmitz, Olmsted Co. Atty., Rochester, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Carl Lee Sandberg was convicted following a jury trial of criminal sexual conduct in the fourth degree in violation of Minn.Stat. § 609.345(b) (1984). Following his conviction, appellant moved

for acquittal or a new trial, claiming error in various trial court rulings. Both motions were denied.

This appeal is from the judgment of conviction pursuant to Minn.R.Crim.P. 28.02, subd. 2(1). We affirm.

## FACTS

On September 3, 1983, appellant engaged a 13-year-old male in sexual activity. Appellant's and the child's testimony conflict concerning whether the appellant touched him.

Law enforcement officials first became aware of the incident when appellant called the crisis center at Zumbro Valley Mental Health Center. During this telephone conversation, appellant disclosed the incident and the name of the 13-year-old male to the crisis intake worker. The crisis intake worker reported the incident to the police.

On September 10, 1983, the child was brought into the law enforcement center for an interview. During this interview, the child alleged that appellant approached him after the child saw appellant through an open door masturbating in a men's bathroom located in a municipal park. According to the child, appellant asked him if he would like to look at gay and lesbian magazines in the bathroom. Once in the bathroom, appellant offered the child $20 to expose himself while appellant masturbated, $30 for oral sex and $40 for anal penetration. The child agreed to expose himself while appellant masturbated. The child then alleged that appellant, after masturbating, rushed over and rubbed the child's genitals for several seconds until he told appellant to lay his hands off. Appellant admits all the facts above, except denies that he ever touched the boy.

## ISSUES

1. Did the trial court abuse its discretion by excluding undisclosed defense witnesses?

2. Did the trial court abuse its discretion by qualifying a police officer as an expert?

3. Did the trial court abuse its discretion by allowing corroboration of the victim's testimony?

4. Did the trial court err in excluding appellant's hearsay statements?

5. Did the trial court err by commenting on defense counsel's improper summation?

6. Did the trial court err by instructing the jury that the victim's testimony need not be corroborated?

7. Was appellant denied a fair trial when the State used evidence it learned as a result of a telephone call that appellant believed to be confidential?

## ANALYSIS

### I.

A. Appellant asserts that the trial court abused its discretion by refusing to allow defense witnesses to testify because appellant had not complied with discovery rules. Minn.R.Crim.P. 9.02, subd. 1(3)(a) provides in pertinent part:

> The defendant shall supply the prosecuting attorney with the names and addresses of persons whom the defendant intends to call as witnesses at the trial * *.

■ Imposition of sanctions for violations of discovery rules is within the sound discretion of the trial court. In exercising this discretion, the trial court should consider:

> (1) the reason why disclosure was not made; (2) the extent of prejudice to the opposing party; (3) the feasibility of rectifying that prejudice by a continuance; and (4) any other relevant factors.

*State v. Lindsey,* 284 N.W.2d 368, 373 (Minn.1979). The preclusion of evidence is a severe sanction and should not lightly be invoked. *Id.* at 374.

Nine months prior to the trial in this case, the prosecution requested disclosure of witnesses that the defense intended to call at trial. In violation of Minn.R.Crim.P. 9.02, the defendant failed to answer. By letter one day before trial, the defense

advised the prosecution of its intent to call four witnesses. In chambers, the prosecution objected to defense counsel's witnesses on the ground of lack of disclosure. Defense counsel then asked for a continuance and made an offer of proof as to the probable substance of the witnesses' testimony—if allowed to testify, the witnesses would claim that the child had a reputation for dishonesty and would indicate specific instances of bad conduct.

Defense counsel claimed such testimony is admissible under Minn.R.Evid. 404(a)(2). The State objected to the character evidence because the primary reason for its introduction would be to show that the child acted in conformity therewith, which is irrelevant and inadmissible in a sex crime matter. Upon this exchange, the trial court sustained the State's evidentiary and discovery objections and precluded the defense from calling the witnesses.

■ The record reflects that defense counsel had ample time to reply to the prosecution's request for disclosure. Even if such disclosure was not possible, the testimony of the four requested witnesses would have been ruled inadmissible. Where the benefits supporting grant of a continuance are absent and the State would be prejudiced by the delay, we find no abuse of discretion in the preclusion of witnesses as a sanction for failing to comply with discovery rules.

B. Appellant also contends that the trial court abused its discretion in imposing discovery sanctions when it refused to allow testimony from two previously undisclosed witnesses.

■ At the conclusion of the State's case-in-chief, defense counsel realized that two witnesses whose names were mentioned during voir dire by the prosecution were absent from the courtroom. Defense counsel, relying on the prosecution's list of witnesses, failed to disclose in writing to the State his intent to call these two witnesses and failed to subpoena them prior to trial. The confrontation clause of the sixth amendment is not a guarantee that the prosecution will call all the witnesses it has against the defendant. Nor is a criminal defendant deprived of his right to confrontation when the prosecutor chooses not to call a witness. *Cooper v. State of California,* 386 U.S. 58, 62, n. 2, 87 S.Ct. 788, 791, n. 2, 17 L.Ed.2d 730 (1967).

■ In considering the factors set forth in *Lindsey,* the trial court's sanction was not an abuse of discretion. Defense counsel did not give any reasons for failing to disclose to the State the identity of these two witnesses of whom he was aware one year in advance of trial. The prosecution was unprepared to conduct a meaningful cross-examination of the requested witnesses in the event that they would have been permitted to testify. As neither party requested a continuance or gave an offer of proof concerning the probable testimony, the trial court had no meaningful remedy to consider. Even if a continuance had been requested, the matter was too far into trial to consider this alternative. *See State v. Vaughn,* 361 N.W.2d 54, 59 (Minn.1985). The trial court's exclusion of this evidence was not an abuse of discretion.

## II.

■ Appellant alleges it was an abuse of discretion for the trial court to allow a police officer to testify concerning the characteristics and reporting practices of minor victims of sexual contact. The admission of an expert's opinion generally rests within the discretion of the trial court. *State v. Myers,* 359 N.W.2d 604, 609 (Minn.1984). The basic consideration in admitting expert testimony is whether that testimony will assist the jury in determining the factual issues in the case. Minn.R.Evid. 702. A witness may be qualified as an expert by "knowledge, skill, experience, training or education." *Id.*

■ A proper subject for expert testimony is the psychological, emotional and behavioral characteristics of minor victims of sexual abuse. *State v. Carlson,* 360 N.W.2d 442 (Minn.Ct.App.1985). The record shows the police officer was experienced with the reporting practices of

abused children. He had been a police officer for 15 years and a detective for nine years, primarily in the area of child abuse. He had investigated over 500 cases of child abuse and had attended or instructed 26 classes on the subject. His testimony concerned primarily statistical reporting practices of minor victims, rather than the psychological evaluation of the victim's behavior. The officer also testified that the 13-year-old complainant's failure to report the incident to authorities was not unusual. Under these circumstances, we conclude that the trial court properly exercised its discretion in qualifying this police officer as an expert for the purpose of testifying about reporting practices of victims of sex crimes.

### III.

■ Appellant claims that the trial court abused its discretion by admitting the testimony of a police officer for the purpose of corroborating the victim's statements about what was done to him. This court follows the well-settled rule that "details of a complaint made by the victim of a sex crime may be admitted either under the res gestae exception to the hearsay rule or as corroborative evidence of testimony by the victim." *State v. Presley*, 300 Minn. 556, 557, 220 N.W.2d 486, 487 (1974). Here, the evidence was admitted for corroborative purposes, and therefore not hearsay under Minn.R.Evid. 801(c). *See State v. Hesse*, 281 N.W.2d 491, 492 (Minn.1979). The trial court did not err in ruling the police officer's testimony corroborative nor was the admission of such evidence an abuse of discretion.

### IV.

■ Appellant claims that since the prosecution was allowed to introduce evidence of the victim's out-of-court statements, the appellant should likewise be allowed to introduce evidence of his own out-of-court statements. Here, the victim's testimony was corroborated by a police officer's non-hearsay testimony of a sex crime. Similarly, a defendant has the right

to corroboration testimony where the evidence can be scrutinized for trustworthiness. *See State v. Hitch*, 356 N.W.2d 820, 822 (Minn.Ct.App.1984). However, appellant failed to disclose his corroboration witnesses to the State and therefore was properly precluded from calling corroborative witnesses during trial.

### V.

Appellant contends that he was prejudiced when the trial court commented on defense counsel's summation. The following exchange took place during defense counsel's closing argument:

MR. RICHARDS [DEFENSE]: * * * I think it's important. The state *listed* as potential witnesses John Paul Jones, Michelle Valletta, and the defense didn't plan on calling any witnesses. Who did we hear from the state in their witnesses?

MR. KENNEDY [PROSECUTION]: Improper summation, Your Honor.

\* \* \* \* \* \*

MR. RICHARDS: Failure to produce evidence.

MR. KENNEDY: There is absolutely nothing to suggest that we failed to present evidence.

THE COURT: *They were also available to the defense if they wanted to call them.* (Emphasis supplied.)

■ Minn.R.Crim.P. 9.01, subd. 1(1)(b) governs the propriety of counsel commenting on the other party's witnesses:

The fact that the prosecution has supplied the name of a trial witness to defense counsel shall not be commented on in the presence of the jury.

The general rule is that an accused's attorney may not comment on the failure of the prosecution to call a witness. *State v. Daniels*, 361 N.W.2d 819, 833 (Minn.1985).

■ Appellant argues that when the prosecution made reference to potential witnesses during voir dire he was prejudiced, and therefore it was proper for defense counsel to comment on the prosecution's failure to call them. In order for any

prejudice to occur, the witness must somehow be part of the evidence at trial. *Id.* Because the uncalled witnesses were not made part of the evidence at trial, the defendant was not prejudiced and defense counsel's comment on the State's failure to call them was improper.

 Appellant argues that the judge's statement to the jury that the witnesses were available to both parties was prejudicial as the curative statement may have suggested that the witnesses would be unfavorable to the defense. The trial court has the authority to order defense counsel to refrain from commenting on a prosecutor's failure to call a witness if the witnesses are equally available to both parties. *State v. Thomas,* 305 Minn. 513, 232 N.W.2d 766 (1975). In determining the meaning of "available," the court may focus upon whether defense counsel had complete disclosure of the State's witnesses. *See Daniels,* 361 N.W.2d at 833. Here, the names of the witnesses were properly disclosed by the State to defense counsel. Under these circumstances, the trial court's curative statements were proper and without prejudice.

### VI.

Appellant contends that the trial court erred by instructing the jury that the complainant's testimony need not be corroborated:

> [THE COURT]: There is an evidentiary statute applicable here which I shall read to you. Statute 609.347, Subdivision 1: In a prosecution under Sections 609.342 to 609.346 the testimony of a complainant *need not be corroborated.* (Emphasis supplied.)

This court has previously resolved this issue by holding that this jury instruction is consistent with Minnesota statutes and case law. *State v. Williams,* 363 N.W.2d 911, 914 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. May 1, 1985).

 Appellant alleges that the jury may have been misled by believing that the complainant's testimony may automatically be accepted. The Minnesota Supreme

Court has stated that corroborated testimony is needed only when the evidence otherwise adduced is legally insufficient to sustain the verdict. *State v. Ani,* 257 N.W.2d 699, 700 (Minn.1977). This is not such a case. The victim's testimony was consistent, sound and convincing. Further, the victim's testimony was corroborated by a police officer's testimony. Corroboration is an evidentiary matter not a substantive one and should not be included in the jury instructions. *Williams,* 363 N.W.2d at 914.

Appellant claims that the trial court's response to appellant's improper summation implied to the jury that he had some kind of burden of proof. This court has stressed that jury instructions must be construed as a whole, and the trial court must properly instruct the jury on the burden of proof and the need for the State to prove a defendant guilty beyond a reasonable doubt. *Id.* at 914. We have also stated that where a prosecutor's misstatement of the law did not require reversal when the trial court fully and properly instructed the jury, then the conversation did not play a "substantial part in influencing the jury to convict." *State v. Trimble,* 371 N.W.2d 921, 927 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Oct. 11, 1985) (quoting *State v. Caron,* 300 Minn. 123, 128, 218 N.W.2d 197, 200 (1974)). In this case, the jury was instructed on the burden of proof and the reasonable doubt standard. Also, the trial court explicitly stated that the State carried the burden of proof. Since the trial court correctly stated that the witnesses were available to both parties, a clear basis for the verdict exists independent of any error committed by the experienced defense counsel.

### VII.

Appellant claims that he was denied his fundamental right to a fair trial when the State acted upon information obtained from a crisis intake worker. Following the incident with the victim, appellant telephoned the crisis center, operated as part of the Zumbro Valley Mental Health Center, and

spoke to a staff member who in turn contacted Michele Valletta, the crisis intake worker. Returning appellant's call, Valletta asked him to explain what was wrong. Over the course of a two and one-half hour conversation, appellant made certain disclosures concerning an incident involving a 13–year–old child earlier that day in a municipal park. Valletta arranged to meet with appellant at the health center the next day. The child was contacted by police and a complaint was filed.

██ Appellant's motion to suppress was denied after the trial court ruled that the statements were not privileged. Minn.Stat. § 595.02, subd. 1 (1984) defines the scope of medical privilege.

> Every person of sufficient understanding, including a party, may testify in any action or proceeding, civil or criminal, in court or before any person who has authority to receive evidence, except
>
> * * * * * *
>
> (d) A licensed physician or surgeon, dentist, or chiropractor shall not, without the consent of his patient, be allowed to disclose any information * * *.

The medical privilege prohibits "evidentiary use of communications arising between a patient and his physician, psychologist or registered nurse." *State v. Odenbrett,* 349 N.W.2d 265, 267 (Minn.1984). Recent case law interpreting the scope of the privilege contemplates that it attaches to certain enumerated professional relationships entered into by a patient for the purpose of diagnosis and treatment. *State v. Andring,* 342 N.W.2d 128 (Minn.1984); *Odenbrett,* 349 N.W.2d at 265; *State v. Gullekson,* 383 N.W.2d 338 (Minn.Ct.App.1986). The state legislature has not extended the same statutory protections to relationships such as appellant's and the crisis intake worker.

### DECISION

Appellant's conviction for fourth degree criminal sexual contact is affirmed.

Affirmed.