STATE of Minnesota, Respondent,

v.

Stephen K. ANI, Appellant.

No. 47133.

Supreme Court of Minnesota.

Aug. 26, 1977.

C. Paul Jones, Public Defender, Robert E. Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, David W. Larson and Phebe S. Haugen, Asst. County Attys., and Lee W. Barry, Law Clerk, Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of charges of criminal sexual conduct in the first degree, Minn.St. 609.-342, and aggravated sodomy, Minn.St. 609.-293, subd. 2, and was sentenced by the trial court to a term of 3 to 30 years in prison with the sentence to be served consecutively to a Federal sentence for bank robbery.

On this appeal from judgment of conviction, defendant raises three issues: (1) The constitutionally of § 609.347, subd. 1, which says that "[i]n a prosecution under sections 609.342 to 609.346, the testimony of a complainant need not be corroborated," (2) the sufficiency of the evidence, and (3) the propriety of certain statements made by the prosecutor in closing argument. We affirm.

 Defendant does not cite any cases holding that the corroboration rule in sex-crime cases is mandated by the United States Constitution and does not offer any persuasive arguments in support of such a holding. The corroboration requirement in prosecutions for sex crimes was unknown at common law—see, 7 Wigmore, Evidence (3 ed.) § 2061—and although the constitution sets forth a corroboration requirement in trials for treason, U. S. Const., art. III, § 3, there is no such requirement specified for prosecutions for sex crimes. The best argument that can be made in support of such a rule is that it is necessary to protect innocent defendants against false charges. See, *State v. Anderson*, 272 Minn. 384, 137 N.W.2d 781 (1965). However, as pointed out in Note, 81 Yale L.J. 1365, 1385, "In large part the goals and purposes of the corroboration requirement are served by two ordinary safeguards in our criminal law—the jury trial and the judge's power to [grant relief to a defendant if there is] insufficient evidence."[1]

 Even though corroboration is not a requirement under the statute or the constitution, "[t]he absence of corroboration in an *individual* case * * * may well call for a holding that there is insufficient evidence upon which a jury could find the defendant guilty beyond a reasonable doubt." *Ibid.*, p. 1391. This, however, is not such a case. Here the victim's testimony was positive and not contradicted, and was strongly corroborated by other evidence. Thus, even if there were a constitutional or statutory corroboration requirement it would have been amply met in this case.

 There is no merit to defendant's contention that the prosecutor in closing argument made statements impermissibly expressing his personal opinion that defendant was guilty.

Affirmed.

---

1. See, Rules 26.03, subd. 17, and 26.04, subd. 1(1), par. 7, Rules of Criminal Procedure.