STATE of Minnesota, Respondent,

v.

Bill Charles KINYON, Appellant.

No. 47885.

Supreme Court of Minnesota.

June 30, 1978.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Richard G. Evans, Sp. Asst. Atty. Gen., St. Paul, DeWayne P. Mattson, County Atty., Rochester, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the third degree (using force or coercion to accomplish sexual penetration), Minn.St. 609.344(c), and was sentenced by the trial court to 5 years in prison with execution stayed and defendant placed on probation, the first year to be served in the county jail. On his appeal from judgment of conviction defendant contends that the trial court erred in refusing to instruct that corroboration was required and that there was as a matter of law insufficient evidence that penetration was accomplished with force or coercion. We affirm.

■ Contrary to what defendant argues, corroboration of the complainant's testimony was not required. Minn.St. 609.347, subd. 1, provides that "[i]n a prosecution under sections 609.342 to 609.346, the testimony of a complainant need not be corroborated." In State v. Ani, 257 N.W.2d 699 (Minn.1977), we upheld the constitutionality of this statute and added that the goals and purposes of the corroboration requirement are served by the jury trial and by the trial judge's power to grant relief in cases where the evidence is legally insufficient. We added that in an individual case the absence of corroboration might mandate a holding by this court that the evidence of guilt was legally insufficient.

■ In this case the complainant's testimony was positive and it was corroborated in part by the fact that she made a prompt complaint to the police as well as by the testimony of the doctor who examined her shortly afterwards.

Affirmed.