**STATE of Minnesota, Respondent,**

v.

**Jeffrey Allen BLOHM, Sr., Appellant.**

**No. 48452.**

Supreme Court of Minnesota.

May 4, 1979.

·C. Paul Jones, Public Defender, University of Minnesota, Minneapolis, for appellant.

Warren Spannaus, St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Asst. County Atty., Chief, Appellate Div., and David W. Larson, Asst. County Atty., Minneapolis, for respondent.

KELLY, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.St. 609.-342(a), and was sentenced by the trial court to a limited maximum term of 5 years in prison. On this appeal from judgment of conviction, defendant contends that (1) the trial court, on its own, should have refused to admit certain evidence to which defendant did not object, specifically, evidence concerning the details of complainant's report to her mother and her doctor of what defendant did to her, and (2) the evidence of his guilt was legally insufficient.· We affirm.

Defendant did not object to the admission of the evidence of what the complainant told her mother and her doctor, but it is clear that if he had, the evidence still would have been admitted. As we stated in *State v. Presley*, 300 Minn. 556, 557, 220 N.W.2d 486, 487 (1974), "Details of a complaint made by the victim of a sex crime may be admitted either under the res gestae exception to the hearsay rule or as corroborative evidence of testimony by the victim." Here the evidence was not admissible under the res gestae exception because of the length of the delay in the making of the complaint, but it was admissible for corroborative purposes. As such, it was not even hearsay under Rule 801(c), Rules of Evidence, since it was not admitted for the purpose of proving the truth of the matter asserted. If defendant had requested an · instruction that the evidence was admissible

only for corroborative purposes and not substantively, he would have been entitled to it, but he did not request it. The court's failure to do it on its own was not prejudicial error.

Defendant's only other contention is that the evidence was legally insufficient. There is no merit to this contention.

Affirmed.