**STATE of Minnesota, Respondent,**

v.

**Sherman Terry GATLIN, Appellant.**

**No. 49940.**

Supreme Court of Minnesota.

June 27, 1980.

C. Paul Jones, Public Defender, and J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Asst. County Atty., Chief, Appellate Section, David W. Larson, Asst. County Atty., and Thomas Weist, Minneapolis, for respondent.

KELLY, Justice.

Defendant was found guilty by a district court jury of charges of kidnapping, Minn. Stat. § 609.25, subd. 1(2) (1978), criminal sexual conduct in the first degree, Minn. Stat. § 609.342(d) (1978), and aggravated robbery, Minn.Stat. § 609.245 (1978). The trial court sentenced defendant as a dangerous offender to concurrent terms of 1 year and 1 day to 40 years for the sex conviction and 1 year and 1 day to 20 years for the robbery conviction (the former term being a doubled term under the dangerous offender law), with the sentences to run consecutively to a 5-year prison term defendant was serving for a prior offense on which probation had been revoked. On this appeal from judgment of conviction defendant contends (1) that he was the victim of a policy of the Hennepin County Attorney's office of systematically exercising peremptory challenges to exclude blacks from jury service in cases involving black defendants, (2) that the trial court erroneously admitted (a) certain *Spreigl* evidence, (b) certain police photographs of defendant, and (c) evidence concerning details of a statement complainant made to the police, and (3) that the trial court erred in making the two concurrent sentences run consecutively to the 5-year prison term defendant was serving. We affirm.

1. Defendant's first contention, that the Hennepin County Attorney's office has a policy of using peremptory challenges to systematically exclude black people from jury service in criminal cases involving black defendants, is based on the fact that the prosecutor in this case used peremptory challenges to strike two black people from the jury panel. In *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), the United States Supreme Court stated that the state's systematic use of peremptory challenges to exclude blacks from jury service may violate the equal protection clause. *Id.* at 224, 85 S.Ct. at 838. However, the defendant bears the burden of proving that such a policy exists. Defendant in this case merely asserted, but did not prove, that such a policy exists. Accordingly the prosecutor was under no obligation to explain his reasons for striking the jurors in question.

2. Defendant next contends that the trial court committed prejudicial error in admitting (a) certain *Spreigl* evidence, (b) certain police photographs of defendant, and (c) evidence concerning details of a statement complainant made to the police. There is no merit to any of these contentions.

(a) The *Spreigl* evidence showed that defendant had engaged in a pattern of criminal sexual misconduct involving young women in the same neighborhood starting in 1976 and leading up to the crimes with which we are concerned in 1978. Two of the three episodes—one in 1976 and in 1977 —were strikingly similar in a number of respects. The third—serving as a pimp for a young woman in 1978—was arguably less relevant and, but for the other *Spreigl* evidence, might not have been admissible. However, in the context of this case it was

relevant in that it placed defendant in the neighborhood from which complainant was abducted and helped to establish a pattern of misconduct leading up to the incident in question.

■ (b) There is no merit to defendant's contention that the admission of certain police photographs of him was prejudicial error. For a general discussion of the principles involved in admitting evidence of this kind, *see State v. Seefeldt,* 292 N.W.2d 558 (Minn.1980). Here it appears that even without the pictures the jury still would have known, from the other-crime evidence, that defendant had been involved in several similar prior crimes going back to 1976; accordingly, defendant cannot reasonably claim that he was prejudiced by the admission of this evidence, even if it did suggest to the jury that he had a prior criminal record.

■ (c) Defendant's next contention is that the trial court erred in admitting a second statement by the complainant in which she changed her description of her assailant's height and hair. She made this statement 2 days after the offense but before she identified defendant's photographs. Defendant contends that the evidence was inadmissible hearsay. However, R. 801(c), R.Evid., defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Statements of a crime victim to the police describing the assailant are not hearsay when they are admitted to corroborate the victim's in-court identification of the defendant. *State v. Blohm,* 281 N.W.2d 651 (Minn.1979); *State v. Hesse,* 281 N.W.2d 491 (Minn.1979). This was the case here.

■ 3. Defendant's final contention, that the trial court violated Minn.Stat. § 609.15 (1978) in making the concurrent sentences run consecutively to the prison term he was serving, is an issue which defendant did not present to the trial court. Under R. 27.03, R.Crim.P., defendant can present this issue to the trial court at any time.

Affirmed.