**STATE of Minnesota, Respondent,**

v.

**Wilburt E. BUCKHALTON, Appellant.**

**No. 50424.**

Supreme Court of Minnesota.

Sept. 5, 1980.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Section, David W. Larson, Asst. Co. Attys., and Thomas A. Weist, Minneapolis, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(d) (1978) (use or threatened use of a dangerous weapon to cause another person to submit to sexual penetration), and was sentenced by the trial court to a prison term of 1 year and 1 day to 20 years. On this appeal from judgment of conviction defendant challenges the sufficiency of the evidence that intercourse was not consensual and contends that the trial court prejudicially erred in permitting the prosecutor to elicit testimony from defendant that he is the father of three illegitimate children with three different women. We affirm.

At 2:30 a. m. one cold Sunday morning in February, complainant, who is 27 years old, was driving home alone when her car went into a skid and got stuck in a snowbank. Defendant who was walking, helped complainant free her car, and in return complainant gave defendant a lift to an area in north Minneapolis where he said he lived. Once there, complainant offered defendant a dollar in appreciation for his help, and defendant responded by kissing her. Complainant was surprised at this and was about to tell defendant to get out when

defendant pulled out a small pistol and ordered her to have sexual intercourse with him. After the act of intercourse and while he was getting dressed, defendant accidentally discharged the pistol. Defendant then drove the car around for a long time, finally getting out and letting complainant go home.

Complainant promptly complained to two friends but delayed complaining to the police until the next day. A sexual assault examination produced medical evidence of intercourse.

Identifying defendant, who is 19 years old, was no problem because defendant had inadvertently left his wallet in the car. When arrested, defendant denied knowing about a weapon, but police found a .25–caliber automatic handgun in defendant's coat. Defendant then said he always carried it for his protection. Later he gave two conflicting versions of how he obtained the pistol. Defendant admitted intercourse but claimed that it was consensual. He stated that the pistol discharged accidentally after the act when he was showing it to complainant and he denied using it to threaten or coerce her.

At trial defendant repeated his claim that the intercourse was consensual. The evidence which defendant contends the prosecutor improperly elicited on cross–examination was the evidence that defendant had not just the one son to which he had testified on direct but three children in all, that he never had been married, and that the children all had different mothers.

Rebuttal witnesses for the state testified that complainant had no reputation for sexual promiscuity.

■ 1. Defendant's first contention is that the evidence that the intercourse was nonconsensual was legally insufficient.

While corroboration is not a formal requirement in prosecutions under Minn.Stat. §§ 609.342 to 609.346 (1978)–see § 609.347, subd. 1 (1978)–we have stated in numerous cases that there will be situations in which the testimony of the complainant and the evidence put forth by the defense are such that a reversal may be necessary absent corroboration. *State v. Ani*, 257 N.W.2d 699 (Minn.1977).

In this case complainant's testimony that the intercourse was nonconsensual was not only strong and convincing but a number of circumstantial factors corroborated complainant's testimony–including the fact that defendant was a total stranger about whom complainant had no motive to lie, the fact that it is unlikely that complainant would have consensually had sexual intercourse in a car on a night when the temperature outside was well below zero, and the fact that complainant's testimony concerning the pistol was corroborated in a number of ways.

2. A more difficult issue is whether the trial court prejudicially erred in admitting the evidence about defendant having fathered three illegitimate children with different women. This evidence is the kind of evidence which normally would be inadmissible in the absence of some conduct by the defense making it admissible, as by introducing evidence that the defendant was a typical family man. If the defense had introduced such evidence, then the admission of this evidence by the state would be easily justifiable on one of a number of theories.

■ The proffered justification–given in the state's brief and hinted at in the record made before the trial court–is that defendant was putting on quite a show during the recesses in the trial, creating the impression that he was a family man who would not commit the kind of crime with which he was charged.

Relevant cases are hard to come by. One analogy would be to the situation in which the prosecutor in closing argument comments on the conduct of the defendant during the trial in the presence of the jury. One court has held that it is generally improper for the prosecutor to comment in a derogatory way on the defendant's demean-

or during his presence in the courtroom because the presence is forced. *State v. Smith*, 588 S.W.2d 27 (Mo.App.1979) (affirming conviction but criticizing comment by prosecutor on the fact that defendant held face in hands during playing of a tape of his confession). With so few cases to help us, it would be extremely difficult at this point to establish any sort of rule other than that a prosecutor takes a chance whenever he comments on this sort of conduct. However, we can say that comments on the conduct of the defendant during the trial in the presence of the jury would sometimes be permissible. If it were not, a defendant could put on a real show for the jury without taking the stand and without ever actually putting his character in issue. On the other hand, a prosecutor has to be extremely careful about commenting on this sort of behavior and one would think that the defendant would be entitled to a warning, thereby giving him a chance to stop the behavior.

Here we are dealing not with prosecutorial comment but admission of evidence to counter the impression created by defendant during his testimony and during the recesses. Presumably if the prosecutor can comment on the off—the—stand courtroom antics of a defendant designed to create a good but false impression of defendant's character, then he also should be able to introduce in appropriate cases evidence contradicting this false impression created by the defendant.

The record is not as detailed as one would wish. However, the trial judge was a capable, experienced judge and the record (as well as the averments in the state's brief) suggests that there was a basis for the admission of this evidence.

Without actually deciding the delicate issue of admission in this case or in these circumstances, we conclude that in any event the evidence was not prejudicial because (a) the evidence of defendant's guilt is overwhelming, and (b) defendant not only was an unconvincing witness but on his own testified to facts which carried a great potential for prejudice—that he was absent without leave from the military, that he had smoked marijuana that night, that he carried a firearm without a permit, and that he had lied to the police. In other words, we are satisfied that the evidence in question probably did not play a significant role in influencing the jury to convict.

Affirmed.