STATE of Minnesota, Respondent,

v.

Jeffrey Allen GUNN, Appellant.

No. 50472.

Supreme Court of Minnesota.

Oct. 24, 1980.

C. Paul Jones, Public Defender, and Robert J. Streitz, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and Barbara D. Gill, Sp. Asst. Atty. Gen., St. Paul, Stephen C. Rathke, Crow Wing County Atty., Brainerd, for respondent.

Considered and decided by the court en banc without oral argument.

YETKA, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(e)(i) (1978) (sexual penetration accompanied by actor causing personal injury to complainant and actor using force or coercion to accomplish the sexual penetration). The trial court sentenced defendant to a maximum prison term of 20 years. On this appeal from judgment of conviction, defendant contends (1) that his conviction should be reversed outright because the evidence that force or coercion was used to accomplish the admitted act of penetration was legally insufficient or (2) that at least he should be granted a new trial on the ground that the prosecutor committed misconduct in his closing argument amounting to plain error. We affirm.

The defendant's contention that the evidence was legally insufficient is meritless. The state's evidence showed that defendant picked up a stranded female motorist, drove her to an isolated place, struck her on the head, and, by using the threat of more force, coerced her into having sexual intercourse with him. Although corrobora-

tion of a complainant's testimony is not required in prosecutions for criminal sexual conduct in this state, Minn.Stat. § 609.347, subd. 1 (1978), we have stated, however, that the absence of corroboration in an individual case might well call for a holding that the evidence was insufficient. *State v. Ani*, 257 N.W.2d 699 (Minn.1977). Here there was strong corroboration of complainant's testimony.

 The other issue raised by defendant concerns the propriety of some statements by the prosecutor in his closing argument. Defendant, by failing to object at trial to any of the statements or seek specific cautionary instructions, is deemed to have forfeited his right to have the issue considered on appeal. While this court could reverse, notwithstanding the defendant's failure to preserve the issue if we deem the error sufficient to do so, we do not believe this case justifies a reversal.

Affirmed.