Frank Edward SPEARS, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. 51438.

Supreme Court of Minnesota.

Dec. 19, 1980.

**174**

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Richard D. Hodsdon, Sp. Asst. Attys. Gen., St. Paul, Russell Anderson, County Atty., Bemidji, for respondent.

SIMONETT, Justice.

In 1978 petitioner, Frank Edward Spears, was found guilty by a district court jury of a charge of aggravated assault, Minn.Stat.

§ 609.225, subd. 1 (1976) (assault accompanied by infliction of great bodily harm), and was sentenced by the trial court to a maximum prison term of 10 years, with the sentence to run consecutively to a previously imposed but unexecuted sentence of 7 years for a prior aggravated robbery conviction. Petitioner makes a number of contentions on appeal, none of which merits postconviction relief. We affirm.

1. Petitioner's first contention is that the evidence of his guilt was legally insufficient.

Petitioner was one of a group of four American Indians who attacked two off-duty white deputy sheriffs in civilian clothing as they were standing outside a bar in Bemidji. One of the two officers, Calvin Johanneson, sustained great bodily harm in the form of a loss of an eye as the result of being hit with a beer glass by one of the four men. The state's evidence showed not just general participation by petitioner in the group attack but also that petitioner was the one who attacked Deputy Johanneson, that petitioner had an object in his hand as he did so, that a glass broke simultaneously with petitioner's striking the deputy in the head, and that blood began flowing from the deputy's eye immediately thereafter. We believe the evidence was sufficient to support a conviction on one or both of two theories: that petitioner was the person who actually inflicted the great bodily harm or that he intentionally participated in the group assault reasonably foreseeing that great bodily harm might be inflicted on one of the victims.

2. Petitioner's contention that the trial court abused its discretion in refusing to order a continuance because of the illness of a juror is based on the fact that the juror in question was the only Indian juror and that the two alternates, like the other 11 jurors, were white. There is no showing whatever that the trial court proceeded any differently than it would have if the ill juror had been white, and we hold that the trial court did not abuse its discretion in proceeding as it did. There is no claim or

showing whatever that any racial prejudice was a motive for denying the continuance. *Cf., State v. Gatlin*, 295 N.W.2d 538 (Minn. 1980).

3. Petitioner raises a number of evidentiary issues. Addressing these issues, we hold:

■ (a) The trial court did not prejudicially abuse its discretion in refusing to permit use of part of a prior statement by the other deputy to impeach his trial testimony that he saw an object in petitioner's hand as petitioner's hand was coming down on Deputy Johanneson. The deputy could not recall whether he told the authorities who questioned him after the incident that he had seen something in petitioner's hand. The prior statement revealed that the deputy was not questioned specifically to determine whether he had seen anything in petitioner's hand as the hand came down.

The applicable rule is R. 613, Minn.R. Evid.; the applicable principles are discussed well in D. Louisell and C. Mueller, 3 *Federal Evidence*, §§ 355–359 (1979). In this case we believe that the trial court, in its discretion, may have concluded that under the circumstances of the interrogation of the deputy by the police it was not unusual for the deputy to omit reference to seeing something in petitioner's hand, especially since the questioning was brief and did not focus on whether the deputy saw anything in petitioner's hand. In any event, whether or not the trial court abused its discretion, it is clear that petitioner was not prejudiced. The deputy easily could have explained on redirect that he was not asked specifically about whether he saw anything in petitioner's hand.

■ (b) The trial court did not abuse its discretion in admitting evidence concerning petitioner's motive for attacking the deputies. This was admissible under R. 404(b), Minn.R.Evid. Petitioner had a right to cautionary instruction but did not request one; therefore he forfeited his right to have that issue considered on appeal. *State v. Forsman*, 260 N.W.2d 160 (Minn.1977).

■ (c) Petitioner's contention that the prosecutor should not have not been permitted to use his prior conviction–the 1975 one for aggravated robbery–to impeach him when he testified is an issue which we do not reach. The record does not show any objection to this. In fact it shows that in interrogating the jurors at voir dire defense counsel questioned the jurors about whether they would convict petitioner just because it might be shown that he had a prior conviction.

■ 4. Petitioner's contention that the prosecutor committed misconduct in closing argument was also forfeited, by petitioner's failure to object.

■ 5. Petitioner's contention that his sentence was inequitable appears to be without foundation but, in any event, this crime occurred in 1977, long before the Sentencing Guidelines became applicable (May 1, 1980). *State v. Gamelgard*, 287 Minn. 74, 177 N.W.2d 404 (1970), applies, and we have no authority to review the sentence so long as it is one authorized by law, which it is.

■ 6. Petitioner's claim of newly discovered evidence was properly rejected by the trial court. The evidence in question was not newly discovered, was arguably doubtful in character, and was cumulative. The postconviction court properly refused to grant petitioner a new trial on this ground. *Martin v. State*, 295 N.W.2d 76 (Minn.1980).

Affirmed.