**Duane Douglas LOFTUS, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C4–84–169.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

Thomson & Hawkins, Charles L. Hawkins and Deborah Ellis, St. Paul, for appellant.

Hubert H. Humphrey, III, Minnesota Atty. Gen., St. Paul, Lucy Weiland, Asst. Hennepin County Atty., Minneapolis, for respondent.

Considered and decided by SEDGWICK, P.J., and HUSPENI and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Duane Loftus appeals from his conviction of one count of criminal sexual conduct in the first degree for the sexual penetration of the six-year-old daughter of Loftus' fiancee. After a jury trial, Loftus was sentenced to the custody of Commissioner of Corrections for a period of 43 months. We affirm.

### FACTS

On July 13, 1983, T.K. and her seven-year-old daughter S.K. spent the night at appellant Duane Loftus' duplex in Minneapolis. Living with Loftus was D.S. (sister of T.K. and fiancee of Loftus) and N.S. (daughter of D.S.). Loftus' seven-year-old daughter, T.L., was also staying the night of July 13. T.L. and N.S. slept in N.S.'s room. T.K. and her daughter S.K. slept in sleeping bags on the dining room floor.

Loftus returned home from work between 12:30 and 1:00 a.m. on July 14, 1983. Loftus and D.S. shared the same bedroom. Some time after Loftus went to bed, T.K. testified that she heard someone in the kitchen and observed that person wearing a full length navy blue and maroon robe. She then saw that person enter N.S.'s bedroom and shut the door.

Approximately 60 seconds after N.S.'s door closed, T.K. heard the bed squeaking, the bed hitting the wall and N.S. whimpering. After looking into D.S.'s room, T.K. stepped into a bathroom at which time Loftus left N.S.'s bedroom and walked by. A few minutes later, T.K. entered N.S.'s room and asked N.S. if Loftus had been in bed with her. N.S. answered yes and said that Loftus had "humped" her. T.K.

changed N.S.'s clothes and took both S.K. and N.S. out of the house at approximately 3:00 a.m.

She took N.S. to the Hennepin County Medical Center where N.S. underwent a sexual assault examination at approximately 7:30 a.m. After the examination, N.S. and T.K. were referred to the family violence division of the Minneapolis Police Department. After an initial interview had been conducted and T.K.'s written statement taken, Lieutenant Searles drove to Loftus' duplex to recover N.S.'s night clothing worn during the assault because T.K. was afraid to retrieve the items.

The duplex has a common entryway into a hallway. Lt. Searles entered the hallway and knocked on Loftus' door. A third person, a male friend of Loftus, was also present in the apartment. Loftus answered the door but remained inside the apartment. Lt. Searles produced identification and arrested Loftus at the entryway. After entering N.S.'s bedroom, Lt. Searles seized N.S.'s panties and nightgown and a sheet off the bed. No arrest warrant had been obtained.

At trial, Loftus' request for a jury instruction on the lesser included offense of criminal sexual conduct in the second degree and an instruction that certain evidence be admitted for corroborative purposes only were denied by the trial court.

## ISSUES

1. Did Loftus' warrantless arrest at home violate his fourth and fourteenth amendment rights under the constitution?

2. Was the warrantless search of Loftus' home justified by any exception to the constitutional mandates for a search warrant?

3. Was the evidence sufficient to sustain Loftus' conviction of criminal sexual conduct in the first degree?

4. Was Loftus entitled to a jury instruction on the lesser included offense of criminal sexual conduct in the second degree?

5. Did the trial court's error in refusing to instruct the jury that some evidence was offered for corroborative purposes only and not substantive purposes prejudice Loftus, requiring a new trial?

## ANALYSIS

### I

#### Arrest

■ Appellant Loftus argues that his arrest was made without a warrant and, absent exigent circumstances, violated his fourth and fourteenth amendment rights. Loftus did not raise this issue at trial and, therefore, cannot now raise it. *See State v. Beard,* 288 N.W.2d 717, 718 (Minn.1980).

### II

#### Search

■ The U.S. Constitution prohibits state authorities from searching a person's home without a warrant. A warrantless search is per se unconstitutional unless it comes within a defined exception. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). Lt. Searles did not have a search warrant and his seizure of items at Loftus' duplex cannot stand unless an exception to the warrant requirement applies.

One such exception is the existence of exigent circumstances. In *State v. Mollberg,* 310 Minn. 376, 246 N.W.2d 463 (1976), the court upheld a warrantless search of a dwelling for drugs because there was a threatened danger of disposal of the drugs by a third person on the premises who could not be arrested. *Id.* at 384, 246 N.W.2d at 469.

■ At the time of Loftus' arrest, a third person, a male friend of Loftus, was present in the apartment. This individual could have disposed of the night clothing worn by N.S. and the bed sheet during the delay of time occasioned by obtaining a search warrant. There was also a danger that the clothes would be commingled with other clothes and ultimately washed. It was also reasonable to assume that Loftus knew of his imminent arrest when he

awoke in the morning and discovered T.K., N.S. and S.K. were out of the house. Consequently, in looking at the totality of the circumstances, the presence in the house of a third person and the ease with which the evidence might be destroyed (simply by being washed), there were exigent circumstances justifying a warrantless search. Therefore, the issue of whether T.K.'s consent to the search is valid need not be addressed.

## III

### Sufficiency of the Evidence

Loftus next claims the evidence was insufficient as a matter of law with respect to the conviction of criminal sexual conduct in the first degree. The claim has no merit.

■ On review, this court must view the facts in the light most favorable to a finding of guilty and must assume that the jury believed the State's witnesses and disbelieved everything which contradicted their testimony. *State v. Ngoc Van Vu*, 339 N.W.2d 892, 898 (Minn.1983); *State v. Wahlberg*, 296 N.W.2d 408, 411 (Minn. 1980). Convictions challenged on the ground of sufficiency of the evidence will not be reversed "if, on the basis of the evidence in the record, a jury could reasonably have found as it did * * *." *State v. Strimling*, 265 N.W.2d 423, 428 (Minn. 1978).

Loftus was convicted of criminal sexual conduct in the first degree which requires, among other things, "sexual penetration." Minn.Stat. § 609.342 (1982). Loftus complains that no scientific evidence was presented to totally support a finding of "penetration." He claims his testimony denying the assault and N.S.'s testimony that it did in fact take place creates a conflict that bars any finding of guilty beyond a reasonable doubt.

■ "In a prosecution under sections 609.342 to 609.346, the testimony of a complainant need not be corroborated." Minn. Stat. § 609.347 (1982). Corroboration is neither a statutory nor a constitutional re-

quirement. *State v. Ani*, 257 N.W.2d 699, 700 (Minn.1977).

■ N.S. testified that she was "humped" and that Loftus put his penis inside her. N.S.'s testimony alone is sufficient to sustain the jury verdict. *State v. Burch*, 284 Minn. 300, 313, 170 N.W.2d 543, 552 (1969).

However, here, in addition to N.S.'s testimony, the jury could also consider the observations of T.K., as well as the scientific evidence of semen on N.S.'s underwear and bed sheet, Loftus' pubic hair on the labia majora and the appearance of a sperm head from the vaginal sample. The jury's verdict of guilty of criminal sexual conduct is supported by the evidence.

## IV

### Lesser-included Offense Instruction.

■ Loftus argues the trial court erred by refusing an instruction on the lesser included offense of criminal sexual conduct in the second degree, which only evidences sexual contact as opposed to sexual penetration.

In Minnesota:

a trial court has to submit a lesser offense only if the offense is a so-called lesser-included offense and only if there is evidence which produces a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense.

*State v. Nurmi*, 336 N.W.2d 65, 67 (Minn. 1983). "[T]here is no statutory requirement that the actor be charged with lesser crimes or that a jury be instructed on lesser crimes." *State v. Nash*, 342 N.W.2d 177, 180 (Minn.Ct.App.1984). Loftus' theory of the case was that no contact at all occurred on July 14, 1983; his defense was a complete denial of the charged offense.

That defense stance put Loftus at odds with *People v. Geiger*, 35 Cal.3d 510, 674 P.2d 1303, 199 Cal.Rptr. 45 (1984), wherein the California Supreme Court stated:

[T]he instructions must be justified by the defendant's reliance on a theory of

defense that would be consistent with a conviction for the related offense. Thus, the instruction need not be given if the defense theory and evidence reflect a complete denial of culpability as when the defense is alibi, or the only issue is identity, unless the defendant argues the evidence at most shows guilt only of the related offense.

*Id.* at 531–32, 674 P.2d at 1316, 199 Cal. Rptr. at 58 (footnote omitted). Loftus was not entitled to a lesser included offense instruction because there was no dispute over the elements differentiating the two crimes.

## V

### Limiting Instruction

At trial certain evidence was admitted for corroborative purposes only and not as substantive evidence. Loftus argues the court should have given an appropriate instruction and that denial of his request was prejudicial error which denied him a fair trial. Loftus relies heavily on *State v. Blohm*, 281 N.W.2d 651 (Minn.1979), wherein the supreme court stated:

> If defendant had requested an instruction that the evidence was admissible only for corroborative purposes and not substantively, he would have been entitled to it, but he did not request it. The court's failure to do it on its own was not prejudicial error.

*Id.* at 652–53.

*Blohm* does not stand for the proposition that a refusal to grant a limiting instruction is prejudicial error. *Blohm* held that a party is entitled to a limiting instruction if requested. Whether a denial of that request is reversible error depends on the facts of the individual case.

 The evidence offered for corroborative purposes (details of what N.S. told her examining physician, a video tape recorded interview of N.S. and the testimony of N.S.'s aunt (T.K.)) was not necessary to sustain a conviction. Therefore, the refusal to grant a limiting instruction was not reversible error. N.S.'s testimony alone is

sufficient to sustain the conviction. *See* Minn.Stat. § 609.347 (1982); *State v. Burch*, 284 Minn. at 313, 170 N.W.2d at 552 (1969).

## DECISION

The warrantless arrest of Loftus and search of Loftus' home did not violate his fourth and fourteenth amendment rights under the constitution.

The evidence was sufficient to sustain Loftus' conviction of criminal sexual conduct in the first degree.

The trial court properly denied the jury instructions on the lesser-included offense of criminal sexual conduct in the second degree. The court's refusal to instruct that certain evidence be admitted for corroborative purposes only was not reversible error.

Affirmed.