STATE of Minnesota, Respondent,

v.

Elgin SMITH, Appellant.

No. C3–85–1114.

Court of Appeals of Minnesota.

April 1, 1986.

Review Denied May 29, 1986.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Marvin Ketola, Carlton Co. Atty., Carlton, for respondent.

C. Paul Jones, Public Defender, Laura S. Underkuffler, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and LANSING and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Appellant Elgin Smith was charged with one count of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(a) (1984), and two counts of criminal sexual conduct in the second degree, Minn.Stat. § 604.-343(b) (1984). Appellant was also charged with one count of obstructing legal process and one count of disorderly conduct, which counts were dismissed by the State and are not at issue. After a jury trial, appellant was convicted of criminal sexual conduct in the first degree for engaging in sexual penetration with his stepdaughter. On ap-

peal he contends the evidence was insufficient to establish that he sexually penetrated the victim because this evidence was based on inadmissible hearsay statements of the victim. Appellant contends that the evidence admissible at trial is only sufficient, if at all, to sustain a conviction for criminal sexual conduct in the second degree. We agree and reduce appellant's conviction to criminal sexual conduct in the second degree and remand for resentencing.

## FACTS

The complainant, Y.L., was nine years old in early 1984. Based on her allegations, appellant, Y.L.'s step-father, was charged with criminal sexual conduct in the first and second degrees.

Before trial the court conducted a competency hearing and Y.L. was determined to be a competent witness. At trial she testified that appellant came into her bedroom during the day and touched her in "a lot of places." She said her clothes were on and appellant had his on but took them off. Using anatomically correct dolls, Y.L. indicated that appellant lay on her and used his hand to touch her "private parts." She put one hand of the male doll on the vaginal area of the female doll and stated that it hurt when appellant touched her there. She also testified that appellant moved his hand up and down and sideways and that appellant did not move when he was on top of her. She indicated that this activity occurred five times.

Y.L. had been interviewed about one year earlier several times by police officers and social service workers. In her earliest statement she indicated that she was on top and that both she and appellant were naked. She did not indicate that any manual contact, finger contact or penetration occurred and stated the touching happened three times. Two days later through anatomically correct dolls she placed the male doll on top of the female doll with genital to genital contact. She again made no mention of touching by fingers or any in-

trusion. She also indicated that this occurred at night.

On March 27, 1984, approximately one month later, Y.L. was again interviewed. She placed the male doll on top with genital to genital contact. She indicated appellant touched her with his finger. When asked where, apparently she pointed to her vaginal area. Y.L. also indicated there was contact involving appellant's finger and when asked if he "put his finger in there" Y.L. said yes. She indicated that it hurt. She indicated it occurred 10 times and occurred once in the basement of their home.

On April 3, 1984 Y.L. was again interviewed and indicated through dolls that appellant was on top and that their genitals were touching. The social worker who was there testified that Y.L. mentioned digital penetration at this time.

Y.L.'s prior out-of-court statements were admitted at trial. At the close of trial defense counsel moved for dismissal of the first count charging sexual penetration, claiming that Y.L. did not testify that this occurred and that her out-of-court statements were admitted only as corroborative evidence, not as substantive evidence, and hence could not be used to establish the fact of penetration. Appellant claimed that the only issue legally sufficient to go to the jury was the second count alleging criminal sexual conduct in the second degree. The trial court ruled that the statements were admissible under Minn.Stat. § 595.02, subd. 3 (1984) as substantive evidence and denied the motion to dismiss count one and denied defense counsel's request for similar jury instructions. Following the jury's verdict the trial court also denied appellant's motion for a new trial or acquittal based on lack of evidence of penetration. Appellant was sentenced to an executed term of 43 months on count one and appealed.

## ISSUE

Were the complainant's out-of-court statements inadmissible as substantive evidence rendering the evidence of sexual penetration insufficient to support the jury verdict?

## ANALYSIS

■ Appellant was convicted of first degree criminal sexual conduct which involves sexual *penetration.* Criminal sexual conduct in the second degree involves proof of sexual *contact.* *See* Minn.Stat. § 609.343 (1984).

At trial Y.L. testified about sexual contact, not penetration. Y.L. was not asked any questions about penetration. Further, she did not demonstrate penetration through the use of the dolls. This evidence is insufficient to establish penetration but is sufficient to establish sexual contact. *See State v. Fader,* 358 N.W.2d 42, 44–45 (Minn.1984).

■ The only evidence to establish penetration consisted of Y.L.'s hearsay statements made on March 27 and April 3, 1984.[1] At trial these statements were admitted for corroborative purposes, not substantive purposes, a non-hearsay use. *State v. Blohm,* 281 N.W.2d 651, 652 (Minn.1979); *Loftus v. State,* 357 N.W.2d 419, 423 (Minn.Ct.App.1984), *pet. for rev. denied.* (Minn. March 6, 1985).

At the close of the evidence defense counsel moved to dismiss the count dealing with penetration based on insufficient evidence. At this time the trial court ruled that the hearsay statements were admissible as substantive evidence under Minn. Stat. § 595.02, subd. 3. This statute, enacted in 1984, provides:

An out-of-court statement made by a child under the age of ten years * * * alleging, explaining, denying, or describing any act of sexual contact or penetration performed with or on the child * * * by another, not otherwise admissible by statute or rule of evidence, is admissible in evidence if:

(a) the court or person authorized to receive evidence finds, in a hearing con-

---

1. The prosecutor argued in the motion for a new trial that Y.L.'s testimony of touching and that the touching hurt was sufficient to prove penetration. We disagree and note that the State on appeal has not adopted this contention.

ducted outside of the presence of the jury, that the time, content, and circumstances of the statement and the reliability of the person to whom the statement is made provide sufficient indicia of reliability; and

(b) the child * * * either:

(1) testifies at the proceedings; or

(ii) is unavailable as a witness and there is corroborative evidence of the act; and

(c) the proponent of the statement notifies the adverse party of his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which he intends to offer the statement into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement.

This statute allows use of a child's out-of-court statements as substantive evidence. However, the statute was not complied with in this case. No § 595.02, subd. 3(a) hearing was conducted. *See State v. Carver*, 380 N.W.2d 821 (Minn.Ct.App.1986). The trial court believed that the competency hearing held before trial was sufficient. However, the competency hearing only established that the child was competent to testify at trial. It had nothing to do with whether the child's hearsay statements were sufficiently reliable, and a competency hearing cannot substitute for the strict criteria set forth in § 595.02, subd. 3. The child's out-of-court statements are not *automatically* admissible by virtue of the statute. Minn.Stat. § 595.02, subd. 3 is a recently enacted statute setting forth strict guidelines as it creates a new exception to the hearsay rule.

■ The State contends that appellant waived this hearing by failing to interpose a hearsay objection when the statements were admitted. In pretrial proceedings, defense counsel stated "I assume that from the witnesses [the prosecutor] indicated here, he will be calling various police officers and social service personnel to *corroborate* [Y.L.'s] statements * * *." (emphasis added.) The trial court stated "I wouldn't allow the testimony [of Y.L.'s out-of-court statements] in without the promise that this girl's going to testify; otherwise it's *blatant hearsay.*" (emphasis added).

Further, during trial defense counsel sought to preclude additional testimony by a police officer on the ground that the record was already replete with hearsay corroborative testimony. The State did not deny the corroborative purpose of the testimony. Rather, the prosecutor responded that the officer's testimony will be corroborative but that this type of testimony is appropriate and the "amount of corroboration" is a tactical decision. Appellant has not waived his § 595.02 subd. 3(a) hearing. His position was clear during trial. There was no reason for appellant's counsel to object at the time because the parties and the trial court assumed that the evidence was introduced only as corroboration of Y.L.'s testimony. The burden was on the State, not appellant to ensure the statutory requirements in § 595.02, subd. 3 were met. Appellant's objection to the use of the statements as substantive evidence is sufficient.

■ We cannot hold that the statements themselves demonstrate the circumstantial guarantees of trustworthiness necessary for admission under Minn.R.Evid. 803(24), the residual hearsay exception. Y.L.'s statements were inconsistent concerning penetration and the opportunity for penetration. They were often the product of overly vague questions without foundation showing that Y.L. understood the terms used or the general time period under discussion. Nor were any of the statements spontaneous. We agree with the State that complete consistency is not required, especially where multiple incidents of abuse have occurred over a period of time. *See State v. Hanson*, 286 Minn. 317, 335, 176 N.W.2d 607, 618 (perfect consistency in trial testimony is suspicious). However, under the facts of this case, when the factors concerning untrustworthiness are considered together, the statements do not meet the requirements of rule 803(24) for admission as substantive evidence under that exception. *Compare D.A.H. v. G.A.H.*, 371 N.W.2d 1, 3–4 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. Sept. 19, 1985).

Admission of these statements as substantive evidence of penetration was error

and in this case it was prejudicial error in light of the lack of any other evidence of penetration. There is no other basis to admit the out-of-court statements.[2]

Appellant is thus entitled to a reduction of his conviction to criminal sexual conduct in the second degree, the charge based on sexual contact for which there is sufficient evidence based on Y.L.'s testimony. The case is remanded for resentencing.

### DECISION

The trial court committed error in admitting child sex abuse victim's out-of-court statements as substantive evidence of penetration when those statements were not admissible pursuant to Minn.Stat. § 595.02, subd. 3. Without the out-of-court statements, there is no evidence in the record establishing sexual penetration. As such we reduce appellant's conviction to criminal sexual conduct in the second degree to reflect that the evidence establishes sexual contact. The case is remanded for resentencing.

Reversed, modified, and remanded.

**2.** The excited utterance exception of Minn.R. Evid. 803(2) would not apply because two of the statements were made days after the incident and the remaining statements were made weeks later. *State v. Fader,* 358 N.W.2d 42, 44 (Minn. 1984).