In the Matter of the WELFARE
OF W.W.M.

No. C1–86–1459.

Court of Appeals of Minnesota.

Feb. 3, 1987.

Hubert H. Humphrey, III, St. Paul,
Thomas L. Johnson, Hennepin Co. Atty.,
Paul R. Jennings, Asst. Co. Atty., Minne-
apolis, for In the Matter of the Welfare of
W.W.M.

William R. Kennedy, Hennepin Co. Pub-
lic Defender, Warren R. Sagstuen, Asst.
Public Defender, Minneapolis, for appel-
lant.

Heard, considered and decided by
SEDGWICK, P.J., and LANSING and
CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal questions the sufficiency of evidence that W.W.M., a juvenile, committed an act of criminal sexual conduct in the second degree (sexual contact with one under 13 years of age where the actor is more than 36 months older than the victim). Minn.Stat. § 609.343, subd. 1(a) (Supp. 1985). In addition, appellant claims the trial court erred in permitting evidence of a videotaped interview of the six-year old complainant, who testified at the adjudication hearing. We affirm.

## FACTS

W.W.M. (born September 13, 1968; age 17 on date of delinquent act), whose mother resides in Los Angeles, has attended school in Edina since 1983 under a program where highly-rated schools host students from outside the school district. S.C.W. (born August 1, 1979; age six on date of delinquent act) was one of three children in a local family who hosted W.W.M. for Sunday afternoon visits during the 1984–85 school year and again in the fall of 1985. The family also included S.C.W.'s 16–year old sister, her 13–year old brother, and her parents.

During the 1984–85 school year S.C.W. occasionally complained about rough play and "tickling" by W.W.M. After visits in September and October 1985, when riding with her mother on a Sunday trip to pick up W.W.M., S.C.W. indicated that she did not want W.W.M. to visit again. Her mother first thought this was a repetition of earlier complaints, but S.C.W. then said: "Well, you don't understand, mom, he puts his hand down my panties."

In February 1986, a juvenile court petition was filed alleging that W.W.M. committed a delinquent act, a violation of the state statute on criminal sexual contact in the second degree.[1] W.W.M. denied the offense and an adjudication hearing was conducted four months later.

At the hearing, S.C.W. was found competent to testify and told the court of an occasion in the fall of 1985 when W.W.M., while carrying S.C.W. on his shoulder, put his hand inside her underpants and touched her between her legs. She said this occurred after W.W.M. had carried her to a place outside her bedroom where no one else was present. She said W.W.M. touched her where she didn't want him to, having in mind what others had told her before about good and bad touching.

S.C.W.'s mother testified about the event in 1985 when her daughter told her about W.W.M.'s conduct. W.W.M. testified, saying that he had never carried S.C.W. on his shoulder and had only tickled her on some occasions, never touching her intimate parts or inside her underpants. S.C.W.'s older sister testified on rebuttal that she had seen W.W.M. carry S.C.W. on his shoulder between five to ten times, which W.W.M. again denied.

After the county attorney presented testimony of S.C.W. and her mother, she offered a videotape demonstrating an interview of S.C.W. in November 1985 by Mary Jo Henning, a child protection social worker. Only Henning and S.C.W. were present during the interview and Henning testified to establish foundation for the tape. S.C.W.'s statements during the interview were consistent with her trial testimony.

The trial court overruled without explanation objections by W.W.M.'s attorney

---

1. "A person is guilty of criminal sexual conduct in the second degree if he engages in sexual contact with another person and if any of the following circumstances exists: (a) the complainant is under 13 years of age and the actor is more than 36 months older than the complainant. * * * In a prosecution under this clause, the state is not required to prove that the sexual contact was coerced * * *." Minn.Stat. § 609.343, subd. 1(a) (Supp.1985). For pur-

poses of this section, sexual contact includes the "intentional touching by the actor of the complainant's intimate parts" when "for the purpose of satisfying the actor's sexual or aggressive impulses * * *." Minn.Stat. § 609.341, subd. 11(i) (Supp.1985). Intimate parts include "the primary genital area, groin, inner thigh, buttocks, or breast of a human being." Minn.Stat. § 609.341, subd. 5 (1984).

that the taped interview was cumulative, unreliable, and deprived W.W.M. of his right of confrontation. The county attorney maintained the tape was offered to corroborate S.C.W.'s testimony and also to refute the notion that the child had some motive to be untruthful about the incident with W.W.M.

The trial court found that W.W.M. had committed the delinquent act alleged in the petition. Subsequently, W.W.M. was placed in a correctional facility to participate in a program for sex offenders, for a term not to exceed nine months. W.W.M. appeals only the adjudication of delinquency. Although he is represented by the public defender on appeal, private counsel represented W.W.M. at the trial court hearing.

### ISSUES

1. Was the evidence sufficient to support a finding that W.W.M. committed an act of criminal sexual contact in the second degree?

2. Did the trial court err in admitting the tape of an interview of S.C.W.?

### ANALYSIS

**1.**

Appellant contends the evidence is insufficient to support the trial court's finding. He asserts S.C.W.'s complaint was excessively imprecise as to time and that the evidence was not adequate to show any purpose of his to satisfy his "sexual or aggressive impulses." *See* Minn.Stat. § 609.341, subd. 11 (Supp.1985). Appellant also claims the evidence was consistent with an unintended, inadvertent touching.

■ We must affirm on the sufficiency of evidence if the trial court, giving due regard to the presumption of innocence and to petitioner's burden of proving fault beyond a reasonable doubt, could reasonably have reached its conclusion on the facts in the record and any legitimate inferences that can be drawn from them. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978). The evidence must be viewed in the light most favorable to petitioner and it is necessary to assume that the trial judge believed petitioner's witnesses and disbelieved any contrary evidence. *Id.*

■ Thus, we must assume the trial court believed the testimony of S.C.W., which was consistent with what she told her mother and a social worker. It is reasonable to infer from this testimony that the acts of W.W.M. were not inadvertent or for a nonsexual purpose. Likewise, we must assume the trial court disbelieved the testimony of W.W.M., which conflicted with S.C.W.'s testimony and was refuted in part by S.C.W.'s sister. Even independent of corroboration, the testimony of S.C.W. was sufficient to sustain the finding of W.W.M.'s delinquent act. *See* Minn.Stat. § 609.347, subd. 1 (1984) (testimony of complainant need not be corroborated); *State v. Fitzgerald*, 382 N.W.2d 892, 895 (Minn. Ct.App.1986), *pet. for rev. denied*, (Minn. Apr. 24, 1986); *State v. Ani*, 257 N.W.2d 699, 700 (Minn.1977).

**2.**

■ Appellant contends the video evidence could not be admitted without a hearing to determine that the child's statements during the interview were trustworthy evidence. The hearing is a statutory requirement for hearsay reports of children. Minn.Stat. § 595.02, subd. 3 (Supp.1985). A juvenile court judge trying a delinquency case without a jury must honor formal hearing requirements to guard against receiving improper evidence. *See In re Welfare of A.B.L.*, 358 N.W.2d 417, 422 (Minn. Ct.App.1984) (when the defendant does not enjoy a trial by jury, the need for meticulous care to protect the integrity of the trial process cannot be overstated).

■ Section 595.02, subd. 3 governs hearsay statements submitted as substantive evidence on elements of an offense. *State v. Smith*, 384 N.W.2d 546, 549 (Minn. Ct.App.1986), *pet. for rev. denied*, (Minn. May 29, 1986). Statements offered only as corroboration are not hearsay at all because they are not offered to prove the

truth of the statement. *See id.* at 548; *State v. Hesse,* 281 N.W.2d 491, 492 (Minn. 1979); Minn.R.Evid. 801(c).

 Appellant premises his hearsay argument on the statement of the county attorney's statement that the videotape was offered as both corroborative and substantive evidence. This argument is misleading. The county attorney made it evident that the only "substantive" subject covered by the video evidence was the possible motive of S.C.W. to be untruthful. This subject regards the credibility of S.C. W.'s testimony, not an element of the offense charged. S.C.W. testified and was cross-examined on the elements of the offense. The video was offered only to corroborate the victim's testimony and to establish her credibility. Given these purposes the evidence was not hearsay. *Hesse,* 281 N.W.2d at 492.

In addition, no demand was made at or before the hearing for a special hearing on trustworthiness under Minn.Stat. § 595.02, subd. 3. "Ordinarily," this precludes raising the objection on appeal, even if hearsay objections are part of the trial court record. *State v. Burns,* 394 N.W.2d 495, 497 (Minn.1986).

The appeal will certainly fail where no hearing demand is made and the record supports admissibility of the contested evidence. *Id.* at 498. The record here supports admission of the video evidence as a trustworthy statement of the child; in fact, the trustworthiness of the interview statements is not seriously challenged by appellant. Neither the tape nor the testimony of the interviewer establishes untrustworthy characteristics of the interview. Moreover, the consistency of the child's hearing testimony is significant evidence that comments during the interview were reliable.

In the course of his argument about Minn.Stat. § 595.02, subd. 3, appellant contends the video evidence deprived him of his right to confront the interviewed child. There are no significant constitutional questions about secondhand testimony from one who also testifies and is cross-ex-

amined at the hearing. *State v. Bellotti,* 383 N.W.2d 308, 313 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Apr. 24, 1986); *State v. Ortlepp,* 363 N.W.2d 39, 44 (Minn. 1985).

### DECISION

The evidence is sufficient to sustain the trial court's finding that appellant committed an act of criminal sexual conduct in the second degree. The court did not err in admitting evidence of the complainant's statements during an earlier interview.

Affirmed.