STATE of Minnesota, Respondent,

v.

James E. WRIGHTINGTON, Appellant.

No. 81–897.

Supreme Court of Minnesota.

Aug. 31, 1982.

nently necessary and then only to the extent

necessary under the circumstances.

John S. Connolly, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Thomas A. Weist, Richard Osborne, and Jerry Strauss, Asst. County Attys., Beverly J. Wolfe, Minneapolis, for respondent.

SCOTT, Justice.

Defendant was found guilty by a district court jury of two counts of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(a) (1980)[1] based on two separate acts on separate days of sexual penetration of the 12-year-old daughter of the woman with whom he was living. Under the sentencing matrix and section II.F. of the Minnesota Sentencing Guidelines, the presumptive sentence for these offenses (both severity level VIII offenses) by one with defendant's criminal history score (zero) is concurrent prison terms of 43 (41–45) months. The trial court sentenced defendant to concurrent terms of 43 and 45 months in prison. On this appeal from judgment of conviction defendant argues that the evidence of his guilt was legally insufficient and that the trial court prejudicially erred in admitting evidence concerning the contents of various statements made by the victim in which she told what defendant had done to her. We affirm.

The offenses in question apparently occurred on January 31 and February 14, 1981. On the first day defendant sexually penetrated the victim's vagina with his finger. On the second day he penetrated the victim's vagina with his finger and with his penis. It is unclear from the record whether ejaculation occurred on the second occasion. Although on each occasion the victim immediately reported to her mother and others what defendant did, the mother did not call the police. Police were first called on February 19, five days after the second incident, by the victim's school counselor, to whom she had confided. By then police felt, rightly or wrongly, that a sexual assault examination would have been pointless. Accordingly, no sexual assault examination was ever conducted.

However, there was other evidence corroborating the victim's positive and consistent testimony, specifically (a) testimony by her brother that on the second occasion he heard defendant call the victim up to his attic bedroom at the time she testified he did, (b) testimony by the victim's brother, uncle and mother concerning the promptness of her complaints and (c) testimony by these and other people showing that the complaints had been positive and, on the major details, consistent.

Without implying that corroboration was required in this case to sustain the convictions—see *State v. Ani*, 257 N.W.2d 699 (Minn.1977)—we hold that there was cor-

---

1.  Section 609.342(a) provides that a person is guilty of criminal sexual conduct in the first degree if he engages in sexual penetration with a person who is under 13 years of age and if he is more than 36 months older than that person.

The section states that "Neither mistake as to the complainant's age nor consent to the act by the complainant is a defense." There was no claim by defense of mistake or consent in this case.

roboration and that the evidence of defendant's guilt was sufficient.

■ There is no merit to defendant's contention that the trial court erred in admitting evidence concerning the contents of the victim's statements to her brother, uncle, mother and others. *See State v. Blohm*, 281 N.W.2d 651 (Minn.1979); *State v. Hesse*, 281 N.W.2d 491 (Minn.1979).

Affirmed.