STATE of Minnesota, Respondent,

v.

William DABY, Appellant.

No. C2-84-252.

Court of Appeals of Minnesota.

Dec. 31, 1984.

Hubert H. Humphrey, III, Atty. Gen., Jerry S. Anderson, Asst. Atty. Gen., St. Paul, Gregory E. Korstad, Isanti County Atty., Cambridge, for respondent.

Jeffrey P. Hicken, Anoka, for appellant.

Heard, considered and decided by LANS-ING, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant appeals from a jury verdict finding him guilty of criminal sexual conduct in the third degree and kidnapping. He contends that there was insufficient evidence to convict him, that he was arrested without probable cause, that the police violated his right to effective assistance of counsel by conducting a photographic line-up without notifying his attorney, and that certain evidence was unlawfully admitted. We affirm.

## FACTS

At approximately 10:45 p.m., on July 21, 1982, complainant, who lives in Cambridge, Minnesota, left a friend's home, and started to walk home. Shortly after 11:00 p.m., a small pick-up truck pulled up beside her several times; the driver talked to her, making several obscene suggestions, and then pulled her into the truck. Complainant kicked and struggled, but could not escape. The driver proceeded to a field access road, backed off the pavement about 25 feet and sexually assaulted her. He then returned her to the motel room where she was living.

Complainant noted the license plate number of the truck as it was driven off, recording LOD 851. She called her friend; he and her boyfriend came quickly to her home. Both testified as to her disheveled physical appearance, which they stated was in contrast to her normal well-groomed, neat appearance, and both told of her distraught emotional state. They drove to the Isanti Sheriff's Office, where complainant gave a description of her attacker, as well as his truck. The descriptions matched those of appellant and his truck.

A license check showed that LOD 851 was registered to a van, but LDD 851 was registered to appellant's truck. The investigator drove complainant to Minneapolis, near appellant's place of work, where she identified the truck. Appellant was later arrested as he approached and began to unlock the truck. Two days after the arrest, appellant's photograph was used in a photographic display shown to complainant; she identified appellant as her attacker.

Earlier on July 21, appellant, a resident of Anoka, drove to Duluth to attend his aunt's funeral. Appellant arrived at the home of a friend in Duluth, Henry Voelk, at approximately 10:00 a.m.; they went drinking several times that day, and appellant attended his aunt's funeral. Appellant left Voelk's home at approximately 5:45 p.m., and they made tentative plans to meet at a bar early in the evening. Voelk's next contact with appellant was a telephone call on July 26, when appellant stated he got home late because he had picked up a girl; that Voelk should say that appellant went to a bar with Voelk if appellant's wife asked, and that the girl had looked at his license plate when she got out of the truck. Voelk provided the police with a detailed statement of these events, and the statement was introduced when he testified at trial.

## ISSUES

1. Was there insufficient evidence to prove that defendant committed the crime of criminal sexual conduct in the third degree?

2. Was appellant arrested without probable cause?

3. Did the police violate appellant's right to effective assistance of counsel by conducting a photographic lineup without notifying his attorney?

4. Did the trial court err when it admitted the statement of Henry Voelk and photographs of tire tracks?

## ANALYSIS

1. Appellant was convicted under Minn. Stat. § 609.344(c) (1982), which provides in relevant part:

A person is guilty of criminal sexual conduct in the third degree * * * if he engages in sexual penetration with another person and * * * (t)he actor uses force or coercion to accomplish the penetration * * *.

He challenges the conviction for insufficiency of evidence on two grounds: first, he argues that the state did not prove that he used "force or coercion;" and, second, he argues that in these circumstances corroboration was required but not provided. He argues that he was convicted on fabricated testimony of complainant.

The standard for reviewing the sufficiency of the evidence is well-settled in Minnesota:

In reviewing a claim of sufficiency of the evidence we must determine whether, under the facts in the record and any legitimate inferences that can be drawn from them, a jury could reasonably conclude that the defendant was guilty of the offense charged * * *. The evidence must be viewed in the light most favorable to the prosecution and it is necessary to assume that the jury believed the state's witnesses and disbelieved any contrary evidence.

State v. Ulvinen, 313 N.W.2d 425, 428 (Minn.1981).

As to evidence on force or coercion, appellant does not claim that complainant consented to intercourse. Instead, he argues that because complainant had no bruises or physical evidence of intercourse, there was insufficient evidence to prove the element of force or coercion. He argues that appellant did not put complainant in fear of her life and, in fact, was "extraordinarily cooperative" because he acceded to her wishes and withdrew before he ejaculated.

■ The Minnesota Supreme Court has found sufficient evidence of force where a defendant intentionally created an atmosphere of fear which caused complainant to finally submit to his sexual advances.

State v. Carter, 289 N.W.2d 454 (Minn. 1979). Here, also, there was sufficient evidence for the jury to find appellant used force or coercion on complainant. The complainant testified that she initially rebuffed appellant's advances, that he forcibly pulled her into the truck, and that she resisted, but finally gave in to avoid additional physical harm. She testified appellant stated: "I don't want to have to force you. It will take all the fun out it." Her prompt complaints and disheveled appearance also support the finding of force or coercion.

Appellant also argues that there was insufficient evidence because corroboration of complainant's testimony was not shown. Minn.Stat. § 609.347, subd. 1 (1982), specifically provides:

In a prosecution under sections 609.342 to 609.346, the testimony of a complainant need not be corroborated.

The supreme court has indicated that despite this provision, there may be individual cases in which the absence of corroboration might mandate a holding on review that the evidence was legally insufficient. State v. Ani, 257 N.W.2d 699, 700 (Minn. 1977). It is not necessary for this court to reach the issue because complainant's testimony was uncontradicted and was corroborated.

■ The corroboration included complainant's prompt and consistent accounts of the assault, see State v. Wrightington, 323 N.W.2d 793 (Minn.1982), her post-rape appearance and emotional state, see State v. Kruse, 302 N.W.2d 29 (Minn.1981), and her detailed descriptions of her assailant and his vehicle, which matched descriptions of appellant and his truck. Viewing the record most favorably to the state, a jury could reasonably conclude that appellant was guilty. Ulvinen.

2. Appellant challenges the trial court's pre-trial finding on sufficient probable cause for arrest.

The supreme court has stated:

Probable cause exists where the facts would lead a person of ordinary care and prudence to entertain an honest and strong suspicion that the person under consideration is guilty of a crime. * * * [T]he facts present must justify more than mere suspicion but less than a conviction.

*State v. Carlson*, 267 N.W.2d 170, 173–74 (Minn.1978).

■ Here police heard the complainant's detailed description of her assailant's appearance, clothes and truck; a composite drawing of her assailant showed individual features remarkably similar to appellant's; when she drove with the investigator near where appellant worked, she was able to find and identify the truck. Officers later arrested appellant when they saw a man who matched the description given by the complainant. The information available to the police was sufficient to justify a strong suspicion that appellant committed the crime.

3. On July 28, 1982, police prepared a photographic line-up consisting of six photographs attached in a row to a line-up board. Complainant checked the box underneath the photograph of appellant. Neither appellant nor his attorney were present.

■ Appellant argues that he was denied effective assistance of counsel in violation of the 6th amendment to the United States Constitution, and under Minn.Stat. § 481.10 (1982) because the police knew he was represented by counsel and counsel was not present at the line-up. This constitutional argument has already been answered by the United States Supreme Court:

[T]he Sixth Amendment does not grant the right to counsel at photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification of the offender.

*United States v. Ash*, 413 U.S. 300, 321, 93 S.Ct. 2568, 2579, 37 L.Ed.2d 619 (1973).

The Minnesota Supreme Court followed *Ash* in *State v. Higginbotham*, 298 Minn. 1, 212 N.W.2d 881 (1973).

Appellant argues also that he had the right to have his attorney present at the photographic display under Minn.Stat. § 481.10 (1982), which provides in relevant part:

All officers or persons having in their custody a person restrained of his liberty upon any charge or cause alleged, * * * shall admit any resident attorney retained by or in behalf of the person restrained, or whom he may desire to consult, to a private interview at the place of custody.

■ This argument also has no merit. Appellant was not in custody at the time of the photographic lineup; he had been released on bail.

4. Appellant contends that the trial court committed prejudicial error by admitting certain photographs and a statement by Harry Voelk into evidence. The state introduced a photograph of the left front tire of appellant's Datsun truck, and two photographs of tire tracks from the field where the assault occurred.

The Minnesota Supreme Court has stated this rule as to the admissibility of photographs:

Photographs are generally admissible where they accurately portray anything which is competent for a witness to describe orally, and they are relevant to some material issue.

*State v. Durfee*, 322 N.W.2d 778, 785 (Minn.1982). Sufficient foundation to show that the photographs were taken at the scene of the rape was provided. The relevancy of the photographs is evident due to proof that tire tracks existed in the area in which complainant said the assault occurred.

Appellant's primary argument goes to whether the probative value of the evidence "is essentially outweighed by the danger of unfair prejudice" (Rule 403 of

the Minnesota Rules of Evidence), and should thus be excluded. He argues that it was prejudicial to allow the jury to see the photographs without any expert testimony as to how the tracks compare to appellant's tires.

 It may be true that evidence on the tire tracks alone would have little probative value, and could be prejudicial. However, the trial court did not err in receiving this evidence along with other evidence consistent with appellant's guilt. *See State v. Jager*, 85 N.W.2d 240, 244 (N.D.1957).

Second, appellant contends that the introduction into evidence of Harry Voelk's statement constitutes prejudicial error. The state called Voelk, a longtime friend of appellant, to testify about the time he spent with appellant the day of the assault, and about an inculpatory telephone call which he received from appellant several days later. The police had taken a detailed statement from Voelk within days after the incident; on the date of trial, however, he could not recall many specifics. Respondent requested that parts of the statement be read to the jury; defense counsel objected on the grounds that "the statement speaks for itself," and the court then permitted the statement to be introduced into evidence and displayed to the jury. Both during the state's case and in its final instructions to the jury, the court instructed the jury that it was not to use the statement as evidence of facts. Appellant claims it was prejudicial error to admit the statement into evidence.

We believe that the error, if any, was not prejudicial:

> A defendant claiming error in the trial court's reception of evidence has the burden of showing both the error and the prejudice resulting from the error. * * * A reversal is warranted only when the error substantially influences the jury to convict.

*State v. Loebach*, 310 N.W.2d 58, 64 (Minn. 1981).

The appellant's trial attorney objected to the reading of the statement on the grounds that the statement speaks for itself, implicitly authorizing the trial court to display the statement to the jury. The trial court instructed the jury not to use the statement as evidence of facts. In addition, while the statement corroborated parts of the complainant's story, Voelk himself testified to some of the facts in his statement. Finally, complainant's testimony was strong and uncontradicted and was sufficient to allow the jury to convict appellant.

## DECISION

The jury had sufficient evidence to convict appellant, and we find no merit in appellant's contentions on arrest, right to counsel, and admission of evidence at trial.

Affirmed.