**STATE of Minnesota, Respondent,**

v.

**Marlin Guy LAU, Appellant.**

**No. C6–86–1733.**

Court of Appeals of Minnesota.

July 28, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Joseph F. Weiners, Dodge Co. Atty., Mantorville, for respondent.

C. Paul Jones, State Public Defender, Lawrence Hammerling, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Marlin Lau was convicted of criminal sexual conduct in the second degree, Minn. Stat. § 609.343, subd. 1(a) (Supp.1985) (unlawful sexual contact). He contends the evidence was insufficient and that the five-year old complainant was incompetent to testify. We affirm.

## FACTS

On October 8, 1985 appellant was alone in his trailer home while his wife was visiting their neighbors. The neighbors' five-year old daughter, R.D., went to appellant's trailer to bring him some candy bars. When R.D. returned home, she appeared pale, frustrated and curled up on the sofa. She told her mother she and appellant had a secret. Later that night she told her mother that appellant had touched her. R.D. also said appellant licked her and took her pants down.

The next day R.D. told her mother appellant had tickled her and asked her to go into the bedroom with him. R.D. said appellant laid her down on the bed, took down her pants and licked her "peepee". R.D. also told her mother's mother-in-law about what appellant had done to her. The incident was reported to authorities.

R.D. repeated what happened in an interview in which her parents, a social worker, and a police officer were present. Appellant was questioned and admitted that R.D. visited him that evening and brought him candy, but denied touching her other than giving her a hug, a kiss and a "little peck on the lips."

On October 21, 1985 R.D. was interviewed again. Present were her parents, a police officer, a social worker and the Dodge County Attorney. This interview was videotaped. R.D. again stated that appellant tickled her and kissed her on the "boobies" and licked her between the legs.

R.D. talked about the incident to her school psychologist who testified that five-year olds are capable of telling an accurate report of sexual abuse. Prior to trial, defense counsel contacted Dr. Ralph Underwager. Dr. Underwager reviewed the October 21, 1985 videotaped interview of R.D. and other reports. His testimony was videotaped.

Dr. Underwager opined that five-year olds cannot separate fact from what they have learned to say through multiple interrogations. He was concerned that R.D. was never specifically asked to tell the truth. Dr. Underwager also testified that in his opinion, R.D.'s cognitive inability to understand abstract concepts, the poor interviewing techniques which were used (e.g., many leading questions, questioning by R.D.'s mother, the room full of several

adults) and her prior learning about sexual abuse, all contributed to R.D.'s inability to relate truthfully what had happened. Dr. Underwager testified, however, that he does not believe a child cannot tell the truth in the sense of accurately describing events.

The trial court also conducted an in-camera hearing with R.D. prior to trial to assist in a competency determination. After considering Dr. Underwager's testimony and R.D.'s competency hearing testimony, the trial court ruled that R.D. was a competent witness and could testify at trial.

At trial R.D. testified that appellant "kissed my peepee and kissed my boobs." She testified that appellant pulled her pants down and licked her. R.D.'s earlier consistent statements were presented through the testimony of her mother, her mother's mother-in-law, a social worker, a police officer and the school psychologist.

The defense presented Dr. Underwager's videotaped testimony. The jury convicted appellant of criminal sexual conduct in the second degree and appellant was sentenced to 34 months imprisonment.

## ISSUES

1. Was the evidence sufficient?

2. Did the trial court abuse its discretion in determining that R.D. was a competent witness?

## ANALYSIS

### I.

■ On review we must examine the evidence in the light most favorable to the verdict and assume the jury disbelieved any testimony conflicting with the result reached. *State v. Parker,* 353 N.W.2d 122, 127 (Minn.1984). Deference is given to jury verdicts and if the jury, giving due regard to the presumption of innocence and the State's burden of proving guilt beyond a reasonable doubt, could reasonably have found defendant guilty, the verdict will not be upset. *Id.*

■ This case hinged on the credibility of R.D. Credibility determinations and the weight to be given an individual's testimony lies with the jury. *State v. Engholm,* 290 N.W.2d 780, 784 (Minn.1980). Appellant presented abundant evidence which attacked R.D.'s credibility through Dr. Underwager's testimony. The jury apparently believed R.D. was telling the truth. We will not upset that determination on appeal.

■ While corroboration of a sexual abuse victim's testimony is not required, Minn. Stat. § 609.347, subd. 1 (1984), R.D.'s testimony was corroborated by her appearance immediately following the incident and·her prior consistent statements made soon after the assault. *See State v. DeBaere,* 356 N.W.2d 301, 304 (Minn.1984); *State v. Wrightington,* 323 N.W.2d 793, 794 (Minn.1982).

### II.

■ The determination of a witness' competency is one peculiarly for the trial court to consider. *State v. Lasley,* 306 Minn. 224, 227, 236 N.W.2d 604, 607 (1975), *cert. denied,* 429 U.S. 1077, 97 S.Ct. 820, 50 L.Ed.2d 796 (1977). The trial court is in the best position to evaluate a witness' demeanor. Under Minn. Stat. § 595.02, subd. 1(f) (1984), children under ten years of age are not competent witnesses unless they demonstrate 1) an ability to recall facts, and 2) the capacity to tell the truth.[1]

■ The trial court here, after conducting a preliminary examination of R.D. and considering Dr. Underwager's testimony, found that R.D. was able to understand the oath and was capable of narrating the facts to which her testimony related. *State v. Amos,* 347 N.W.2d 498, 501 (Minn.1984). In the preliminary examination R.D. demonstrated an ability to recall and relate facts and demonstrated she understood the difference between the truth and a lie.

We note that several cases have found that the trial court did not abuse its discre-

---

1. We note that the 1987 Legislature recently modified this provision. *See* 1987 Minn. Laws ch. 120, § 1 and ch. 134, § 1.

tion in ruling a five-year-old witness competent to testify in criminal trials. *See State v. Fitzgerald,* 382 N.W.2d 892, 894 (Minn. Ct.App.1986), *pet. for rev. denied,* (Minn. Apr. 24, 1986); *State v. Carver,* 380 N.W.2d 821, 824–25 (Minn. Ct.App.1986), *pet. for rev. denied,* (Minn. Mar. 27, 1986). Appellant's arguments on appeal essentially relate to R.D.'s credibility, a matter for the jury to consider.

Inasmuch as competency determinations are within the trial court's discretion, *State v. Cermak,* 350 N.W.2d 328, 332 (Minn. 1984), we find no abuse of discretion in the trial court's ruling that R.D. was competent to testify.

### DECISION

The trial court did not abuse its discretion in ruling that R.D. was competent to testify and the evidence was sufficient to convict appellant of criminal sexual conduct in the second degree.

Affirmed.